## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Roadget Business Pte. Ltd.

                                                    Plaintiff,

v.
                                                    Case No.: 1:24−cv−00607

                                                    Honorable Lindsay C. Jenkins

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto

                                                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 4, 2024:

      MINUTE entry before the Honorable Lindsay C. Jenkins: Before the Court are several Defendants' motion to modify the temporary restraining order ("TRO") [42]. The motions to seal filings in connection with that motion [57], [67] are granted. The Defendants state that their investigation into the profits derived from sales of the allegedly infringing products continues, but in the interim, they propose that the TRO be reduced to the amount of the total sales of the allegedly infringing products. [45] at 3. Plaintiff does not appear to dispute that an asset freeze can only properly reach the amount of profits attributable to the infringing products, but it argues that because that figure is unknown, it is proper to maintain the asset freeze as to all funds in Defendants' accounts. [58] at 2−3. The Court agrees that it is important to protect Plaintiff's rights while determining the profits that may be subject to a disgorgement remedy, but ultimately the Court agrees with Defendants that reducing the asset freeze to the amount of sales of allegedly infringing products is sufficient to protect Plaintiff's ability to recover the funds it is entitled to via an equitable remedy without subjecting Defendants to an overbroad injunction. This is the approach that the courts in two other Roadget Schedule A cases have taken, see [45] at 3−4, and the Court will follow it here, too. The Court will not modify the TRO now, however, because Plaintiff also objects to the reliability of Defendants' evidence of the amount of sales. [58] at 4−5. In their reply [68], Defendants provide additional evidence from the Temu representative. The Court directs the parties to meet and confer and to file a joint status report by April 10, 2024, stating: (1) whether they have reached an agreement about the proper amount of assets to freeze; (2) if not, how the parties propose to adjudicate any dispute about the proper scope of the asset freeze, including a proposal for an evidentiary hearing, should one be necessary. If the parties believe a hearing is necessary, they should be aware that the Court generally does not permit testifying witnesses to appear remotely, although it may consider making exceptions in this case given the case's preliminary posture and the possible logistical difficulties in securing in−person testimony in a timely fashion. As an alternative or complement to a modification of the TRO, the Court would also entertain dissolving or modifying the TRO

if a Defendant posts bond for the amount of the frozen assets; if the Court reduces the amount of the asset freeze, any bond would likewise be reduced. Such a reduction could be done as soon as practicable, permitting Defendants to resume operation of their stores with respect to non−challenged products. If any Defendant wishes to pursue this option, it should consult with Plaintiff to see if Plaintiff opposes to a modification of the TRO for this purpose. For now, the motion to modify the TRO [42] is entered and continued. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.