**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO <br><br> Defendants. | CIVIL ACTION NO. 1:24-cv-00607 <br><br> Judge: Hon. Lindsay C. Jenkins |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'[1] MOTION TO DISMISS PURSUANT TO RULES 12(B)(2) AND 12(B)(6)

---

[1] This motion is made by the following Defendants listed on Schedule A of the Complaint: **No. 2** (Lihong Hu dba A YI YUAN); **No. 4** (Guangzhou Baishan Clothing Co., Ltd. dba baishan); **No. 5** (Quanzhang Yang dba Cantonese C); **No. 6** (Tianmen Zhanggang Duoxi Clothing dba Duoxi Clothing); **No. 7** (Dongguan Humen Ruining Clothing Store dba Earna); **No. 9** (Shahe Xiameng Clothing Store dba focus queen); **No. 10** (Guangzhou Xinfengyi Clothing Co., Ltd. dba Hongqin); **No. 12** (Shenzhen Longda Industrial Co., Ltd. dba longdashiye); **No. 14** (Tianmen Macchiato Clothing Factory dba Macchiatto Red); **No. 15** (Lijie He dba Miaoshang Clothing); **No. 16** (Guangzhou Aisiyuan Clothing Co., Ltd. dba Modern style); **No. 17** (Xinhui District Wenqi Garment Factory dba MODERN STYLISH); **Nos. 18 and 24** (Dongguan Yizhifang Clothing Co., Ltd. dbas Monca and Saso); **No. 19** (Tianmen Shang Rouge Clothing Store dba Musangyi clothing); **No. 22** (Guangzhou Jinglun Clothing Co., Ltd. dba OYIJIA); **No. 23** (Yeye Xue dba San San Clothing); **No. 25** (Guangzhou Zhuoya Women's Clothing Co., Ltd. dba Simile); **No. 26** (Haikou Longhua Huanyou Strictly Selected Department Store dba SKE); **No. 27** (Ayer Clothing Store, Meilan District, Haikou dba Sunseeker leaf clothing); **No. 28** (Xuanyi Wardrobe Apparel Factory in Bao'an District, Shenzhen dba SYLP PLUS); **No. 29** (Guangzhou Tinglin Clothing Store dba TL Ladies); **No. 30** (Tianmen Tongxin E-Commerce Business Department dba TongxinShow); **No. 31** (Guangzhou Shengmin Clothing Co., Ltd. dba TT and MM), (collectively "Defendants").

## I.  PRELIMINARY STATEMENT

Plaintiff Roadget Business PTE. LTD. ("Plaintiff") has filed eight nearly identical, boilerplate "Schedule A" copyright infringement actions against unaffiliated online retail merchants that sell products on third-party platform Temu.  Plaintiff filed each action under seal, followed immediately by an *ex parte* request for a TRO and asset freeze.

In the instant action, Plaintiff attempts to lump together 31 defendants, each of whom is alleged to have sold products using photographs or designs that infringe only one of ***eight*** unrelated copyrighted works allegedly owned by Plaintiff. Defendants move to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]

***First***, Defendant Nos. 2, 4, 12, 17, 23, and 25 should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).  These Defendants made no sales of the accused products in Illinois and do not have contacts with Illinois sufficient to confer personal jurisdiction in this Court.

***Second***, all Defendants move to dismiss, or alternatively to strike, Plaintiff's claims for "exemplary damages" pursuant to Rule 12(b)(6).  Exemplary damages are not permitted under the Copyright Act.  And, with the exception of Defendant No. 12, all Defendants move to dismiss, or alternatively to strike, Plaintiff's claim for statutory damages and attorneys' fees because the copyrights asserted against these Defendants were registered shortly before Plaintiff initiated this action.[3]  Plaintiff has not plausibly alleged that the asserted copyrights were registered before these

---

[2] Defendants dispute that they have infringed Plaintiff's copyrights, but do not contest infringement for purposes of this motion.

[3] Ex. 1 (Lihong Hu Apr. 16, 2024 Decl. ¶ 5; Xi Xu Apr. 17, 2024 Decl. ¶ 5; Quanzhang Yang Apr. 16, 2024 Decl. ¶ 5; Li Liu Apr. 17, 2024 Decl. ¶ 5; Qinglin Ke Apr. 16, 2024 Decl. ¶ 5; Xuguang Hu Apr. 17, 2024 Decl. ¶ 5; Qin Hong Apr. 17, 2024 Decl. ¶ 5; Fan Jiang Apr. 16, 204 Decl. ¶ 5; Lijie He Apr. 16, 2024 Decl. ¶ 5; Aimin He Apr. 16, 2024 Decl. ¶ 5; Haiyue Zhou Apr. 16, 2024 Decl. ¶ 5; Huafeng Gu Apr. 16, 2024 Decl. ¶ 5; Qiaoqiao Hu Apr. 16, 2024 Decl. ¶ 5; Yan Yang Apr. 16, 2024 Decl. ¶ 5; Yeye Xue Apr. 16, 2024

Defendants listed the accused products—a prerequisite to statutory damages and fees under the Copyright Act.

In addition, Plaintiff fails to allege a plausible basis to support an inference of "willful" infringement by Defendants that would permit enhanced statutory damages. Rather, Plaintiff's willfulness allegation consists solely of conclusions that add the word "willful" before the word "infringement." Such conclusory allegations in a scattershot complaint against 31 independently-operating merchants is insufficient under federal pleading standards.

Accordingly, Defendants respectfully request that the Court dismiss Defendant Nos. 2, 4, 12, 17, 23, and 25 for lack of personal jurisdiction; dismiss or strike Plaintiff's claims for exemplary damages and enhanced statutory damages against all Defendants; and dismiss or strike Plaintiff's claims for statutory damages and attorneys' fees against Defendant Nos. 2, 4-7, 9, 10, 14-19, and 22-31.

## II.     __ARGUMENT__

### A.  Defendant Nos. 2, 4, 12, 17, 23, and 25 Should be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(2) for Lack of Personal Jurisdiction.

Under Rule 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it." *Northern Grain Mktg. v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). "When determining whether a plaintiff has met its burden, a court must accept as true jurisdictional allegations pleaded in the complaint, unless those allegations are disproved by the defendant's affidavits or exhibits." *MSM Design & Eng'g LLC v. P'ships et al. on Schedule A*,

---

Decl. ¶ 5; Qiwei Li Apr. 16, 2024 Decl. ¶ 5; Rui Luo Apr. 16, 2024 Decl. ¶ 5; Ye Ji Apr. 17, 2024 Decl. ¶ 5; Sheng Li Apr. 17, 2024 Decl. ¶ 5; Tingting Zhang Apr. 17, 2024 Decl. ¶ 5; Yifan Jiang Apr. 16, 2024 Decl. ¶ 5; Shimin Chen Apr. 17, 2024 Decl. ¶ 5 (dates on which accused listings were first posted, all before effective dates of Plaintiff's asserted copyrights, each of which was published more than 3 months prior to registration)).

No. 20-cv-121, 2021 WL 3187706, at *2 (N.D. Ill. July 28, 2021) (citing *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). If the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019).

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Because the Copyright Act does not allow for nationwide service of process, the Court should look to Illinois's long-arm statute to determine the reach of personal jurisdiction. *Sun Chenyan v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 20 CV 00221, 2021 WL 1812888, at *2 (N.D. Ill. May 6, 2021) (citing *Ariel Invs., LLC v. Ariel Cap. Advisors LLC*, 881 F.3d 520, 523 (7th Cir. 2018)). Illinois allows for personal jurisdiction to the full extent authorized by the Illinois and United States Constitutions. *Id.* "Because there is no operative difference between the constitutional limits of the Illinois Constitution and the United States Constitution in terms of personal jurisdiction, the proper inquiry is whether this Court's exercise of personal jurisdiction over Defendants complies with the limits imposed by the Fourteenth Amendment's Due Process Clause." *Id.* (internal quotations omitted).

Personal jurisdiction can be established through either "general" or "specific" personal jurisdiction. *Rogers v. City of Hobart, Indiana*, 996 F.3d 812, 818 (7th Cir. 2021). Here, Plaintiff asserts only that the Court has specific personal jurisdiction as to all Defendants and does not allege general jurisdiction. *See* Compl. at ¶ 6.

A court may exercise specific personal jurisdiction over a defendant based on the defendant's contacts with the forum state. *Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21 C 6440, 2022 WL 1556381, at *3 (N.D. Ill. May 17, 2022). "Specific personal jurisdiction requires that (1) the defendant has purposefully directed [its] activities at the forum state or purposefully availed [itself] of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *Rogers v. City of Hobart, Indiana*, 996 F.3d 812, 819 (7th Cir. 2021). The key is that the "defendant's *suit-related* conduct must create a substantial connection with the forum State," and "the relationship between the defendant and the forum must arise out of contacts that the defendant *himself* creates with the forum." *Expeditee LLC*, 2022 WL 1556381, at *3. As detailed below, Defendant Nos. 2, 4, 12, 17, 23, and 25 should be dismissed for lack of personal jurisdiction because they did not make sales of the accused products in Illinois.

### i. Defendant Nos. 2, 4, 12, 17, 23, and 25 have not purposefully directed activities toward Illinois sufficient to confer jurisdiction in this Court.

In support of specific jurisdiction, Plaintiff alleges, largely "on information and belief," that specific personal jurisdiction exists because Defendants have sold the accused products "to Illinois residents" through a nationwide e-commerce website. *Id.* However, this assertion is not true for Defendant Nos. 2, 4, 12, 17, 23, and 25. As shown in their declarations submitted concurrently with this motion, these six Defendants have confirmed under oath that, based on their sales records, they have not made sales of the accused products to any residents of Illinois, and also have not purposefully directed any activities toward Illinois. *See* Ex. 2 (Lihong Hu Apr. 12, 2024 Decl. ¶¶ 4-6; Xi Xu Apr. 13, 2024 Decl. ¶¶ 5-7; Yuxiang Liu Apr. 12, 2024 Decl. ¶¶ 5-7; Haiyue Zhou Apr. 12, 2024 Decl. ¶¶ 5-7; Yeye Xue Apr. 12, 2024 Decl. ¶¶ 4-6; Qiwei Li Apr. 12, 2024 Decl. ¶¶ 6-7).

4

As this Court cautioned in its March 1, 2024 order, "to be subject to this Court's personal jurisdiction, a seller likely must have more contact with Illinois than merely offering a product for sale online that can be shipped to a user-supplied Illinois address." ECF No. 31, n.1.[4]  Indeed, "[c]ourts in this District . . . agree that in infringement cases like this the online retailer generally must have sold at least one product in Illinois for personal jurisdiction to exist…." *Roblox Corp. v. Bigfinz*, No. 1:23-cv-5346, 2023 WL 8258653, at *1–2 (N.D. Ill. Nov. 29, 2023) (collecting cases). Plaintiff falls well short of this standard.  Plaintiff attempts to establish personal jurisdiction over these six Defendants based solely on Plaintiff's assertion that they list the accused products on an interactive website that offers sales throughout the United States, with only the possibility of sales to residents of Illinois.  That is not enough to establish that it is *plausible*—not merely *possible*—that these six Defendants have formed minimum contacts with Illinois.  And mere "belief that [ ] Defendants made sales to Illinois" without any evidence cannot establish personal jurisdiction. **Roadget Business Pte. Ltd.** *v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23-cv-17036 ECF 86 at 6 (**N.D. Ill. Apr. 29, 2024**) (J. Ellis); *see also Vortex, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 22 CV 4189, 2023 WL 7386059, at *4 (N.D. Ill. Nov. 8, 2023) (J. Jenkins) (no personal jurisdiction where plaintiff "does not have evidence that Defendants *sold* infringing products to Illinois customers using Alipay; rather, [plaintiff's] evidence is that Defendants *offered to sell* products in Illinois through internet marketplaces"); *Roblox*, 2023 WL 8258653, at *1-2 (no personal jurisdiction where plaintiff "merely shows that it is possible to purchase [defendant's] t-shirts and have them shipped to

---

[4] *Accord Matlin v. Spin Master Corp.,* 921 F.3d 701, 706–07 (7th Cir. 2019) (holding that jurisdictional contacts were insufficient when the defendant's connection with the forum state was on a small scale and attenuated from the alleged harm, and where the plaintiff "lur[ed]" the defendant into shipping a product into the state after the lawsuit began); *Vortex v. Schedule A,* 2023 WL 7386059, at *3–4 (N.D. Ill. Nov. 8, 2023) (holding that a defendant's mere offer to sell an infringing product in Illinois was insufficient to confer personal jurisdiction over the banking entity holding those funds).

Illinois….”); *MSM Design*, 2021 WL 3187706, at *2 (“[T]he mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum.”); *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021) (“Having an interactive website ... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.”)

Given the absence of any sales of the accused products to residents of Illinois or any other cognizable basis for personal jurisdiction, Defendants 2, 4, 12, 17, 23, and 25 should be dismissed for lack of personal jurisdiction.

### ii. Fed. R. Civ. P.4(k)(2) Does Not Support Jurisdiction Over Defendant Nos. 2, 4, 12, 17, 23, and 25.

To the extent Plaintiff argues that Federal Rule of Civil Procedure 4(k)(2) supports jurisdiction, this argument also fails because each Defendant is subject to jurisdiction in another state. Rule 4(k)(2) allows for personal jurisdiction over a defendant if (1) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction and (2) exercising jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2). “A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed” because “[n]aming a more appropriate state would amount to a consent to personal jurisdiction there.” *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001), *as amended* (July 2, 2001).

Defendant Nos. 2, 4, 12, 17, 23, and 25 each identify a state where this infringement action could proceed: Defendant No. 2 made at least one accused product sale to Texas, Defendant No. 4 made at least one accused product sale to Maryland, Defendant No. 12 made at least one accused product sale to New Jersey, Defendant No. 17 made at least one accused product sale to

6

Massachusetts, Defendant No. 23 made at least one accused product sale to New York, and Defendant No. 25 made at least one accused product sale to California. Consequently, Defendants are subject to, and alternatively consent to, jurisdiction in these states for Plaintiff'sa copyright infringement claim arising out of sales of the accused products. *Viahart LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 19-CV-8181, 2021 WL 5113935, at *3 (N.D. Ill. Nov. 3, 2021) ("[B]ecause Defendant identifies a forum where it would be subject to jurisdiction: the District of Maryland, where Defendant made the only sale of the allegedly infringing product … Rule 4(k)(2) does not apply here.").

**B. The Court Should Dismiss or Strike Plaintiff's Claims for Exemplary Damages, Statutory Damages, and Attorneys' Fees under Rule 12(b)(6).**

**i. Plaintiff's claim for "exemplary damages" fails against Defendants because such damages are not available under the Copyright Act.**

Here, Plaintiff seeks "exemplary damages" against Defendants. *See* Compl. Prayer for Relief ¶ 4 ("exemplary damages"). But punitive or exemplary damages are not available under the Copyright Act. *See Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 926 (N.D. Ill. 2009) ("The cases are clear that exemplary or punitive damages should not be awarded in a statutory copyright infringement action.")). Accordingly, the Court should dismiss or strike Plaintiff's claim for exemplary or punitive damages because they are not available under the Copyright Act. *See, e.g., White v. Alcon Film Fund, LLC*, No. 1:13-cv-1163, 2013 WL 12067479, at *7 (N.D. Ga. Aug. 13, 2013) (collecting cases and striking punitive damages); *Bragg Live Food Prod., LLC. v. Nat'l Fruit Prod. Co.*, No. 2:22-cv-00584, 2022 WL 3574423, at *4 (C.D. Cal. July 22, 2022) (dismissing claim for punitive damages because such damages "are unavailable as a matter of law" under the Copyright Act); *Graham v. Prince*, 265 F. Supp. 3d 366, 390 (S.D.N.Y. 2017) (same).

### ii. Plaintiff fails to allege entitlement to statutory damages and attorneys' fees against Defendant Nos. 2, 4-7, 9, 10, 14-19, and 22-31.

The Copyright Act provides that "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). In other words, for a published work registered outside of the three-month safe harbor window, a copyright owner cannot pursue a claim for statutory damages or fees unless the work is registered before the defendant began the alleged infringement. Because 17 U.S.C. § 412 is a "prerequisite" to statutory damages and fees, courts hold that the copyright owner "bears the burden of demonstrating that it complies with the prerequisite." *Ushodaya Enters. v. V.R.S. Int'l, Inc.*, 64 F. Supp. 2d 352, 353 (S.D.N.Y. 1999). And courts routinely dismiss or strike requests for statutory damages and fees where plaintiffs fail to allege entitlement. *See, e.g., Symbria, Inc. v. Callen*, No. 20-cv-4084, 2022 WL 60530, at *15 (N.D. Ill. Jan. 6, 2022); *Taylor v. Univ. Music Grp.*, No. 13-cv-06412, 2014 WL 12607686, at *4 (C.D. Cal. May 22, 2014).

Here, seven of the copyrights were registered on December 22, 2023, well beyond the three months following their respective dates of first publication and only 32 days before Plaintiff filed the Complaint. *See* ECF No. 1, Exs. 3-9 (providing that VA 2-376-318, VA 2-376-320, VA 2-376-322, VA 2-376-323, VA 2-376-325, VA 2-376-328, and VA 2-376-329 all were registered on 12/22/2023)[5]. Yet Plaintiff alleges no facts to show entitlement to statutory damages and fees, for example, by alleging that these copyrights were registered before Defendants listed the accused products for sale. Indeed, Plaintiff even notes in the Complaint that these seven registrations were

---

[5] Defendant Nos. 2, 4-7, 9, 10, 14-19, and 22-31 are each accused of infringing one of these seven copyrights.

so new on the day Plaintiff initiated this action that it had not yet received the official registration certificates. Compl. at 4, n.1.

As a result, the only way Plaintiff could be entitled to statutory damages and fees regarding these seven copyrights under 17 U.S.C. § 412 is if these copyrights were registered *before* Defendants listed the accused products, or conversely, if Defendants *only* listed the accused products during the narrow window between registration (Dec. 22, 2023) and the filing the Complaint (Jan. 23, 2023). But Plaintiff has made no such allegation, whether plausible or not. Because it is Plaintiff's burden to show entitlement to statutory damages and fees under 17 U.S.C. § 412, Plaintiff's claim for statutory damages and fees should be dismissed.

### iii. Plaintiff has failed to allege willful infringement sufficient to support its claim for enhanced statutory damages under the Copyright Act.

"[A] Rule 12(b)(6) motion can target a request for a particular form [of] damages if the complaint fails to adequately plead facts necessary to support that form of damages." *Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 WL 3883082, at *3 (N.D. Ill. Aug. 31, 2021). Under the Copyright Act, a plaintiff may seek actual damages and profits from the infringement, or alternatively, statutory damages. See 17 U.S.C. § 504(b) (actual damages and profits), § 504(c)(1) (ordinary statutory damages). If the plaintiff shows that infringement was "willful," then the plaintiff can seek an increased "award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The plaintiff's burden of establishing "willful" infringement begins with adequately pleading it. Plaintiff has failed to do so here.

"Willful" infringement can be shown "if the infringer knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As the Seventh Circuit noted in *Wildlife Express*, the quintessential basis for showing willful infringement is where

the plaintiff puts the defendant on notice of infringement—e.g., by way of a cease-and-desist letter—and the defendant disregards the notice and continues to infringe. *Id.* Plaintiff here does not allege that it provided notice to any of the Defendants of potentially infringing conduct. In fact, Plaintiff opted to pursue its claims under seal precisely to avoid providing advance notice to Defendants.

Not surprisingly, Plaintiff only makes conclusory "willful" allegations against dozens of independently operating merchants and regarding eight different copyrights. These allegations consist of merely adding the word "willful" before the word "infringement." *See, e.g.*, Compl. ¶ 15 ("Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel bearing the Roadget Designs in the United States without authorization"); ¶ 23 ("Defendants' actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501(a)").

Such unsupported, conclusory allegations are insufficient to support a plausible inference of willfulness. *See, e.g., Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 468 (S.D.N.Y. 2019) (conclusory allegation that defendant's conduct was "willful, intentional and malicious . . . standing alone, is insufficient factual support for the allegation that [defendant's] infringement was willful"); *Elatab v. Hesperios, Inc.*, No. 19-cv-9678, 2021 WL 2226877, at *5 (S.D.N.Y. June 2, 2021) (holding that "merely alleg[ing] that [plaintiff] is entitled to statutory damages 'for Defendant's willful infringement of the photograph'" is insufficient). Merely "add[ing] the word 'willfully' to support an award of increased statutory damages" is not enough. *Cf. Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17-cv-7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019) ("Plaintiffs have done more than just add the word 'willfully' to support an award of increased statutory damages; they have alleged that [Defendant] knew of Plaintiffs' copyright and removed the copyright indications from Plaintiffs' plans in an effort to conceal the infringement.") Yet

10

Plaintiff seeks enhanced statutory damages based solely on such pleadings.  Compl. ¶ 25, Prayer for Relief ¶ 5.

In *Design Basics*, the court held that the plaintiff's allegation that the defendant "knew of Plaintiffs' copyright" and "removed the copyright indications from [the design] in an effort to conceal the infringement" plausibly alleged willful infringement.  *Id*.  Here, in contrast, Plaintiff does not allege that any Defendant knew that the designs were copyrighted by Plaintiff, that any Defendant removed any copyright management information or engaged in other similar conduct indicating willfulness, that any Defendant continued to sell the products despite being put on notice, or *any* other facts that could plausibly infer willfulness. Such allegations are insufficient as a matter of law.  As a result, Plaintiff's enhanced statutory damages claim under 17 U.S.C. § 504(c)(2) fails.

## III.    CONCLUSION

For these reasons, Defendants respectfully request that the Court enter an order:

1. Granting this Motion;

2. Dismissing Defendant Nos. 2, 4, 12, 17, 23, and 25 for lack of personal jurisdiction;

3. Dismissing, or alternatively striking, Plaintiff's claims for exemplary damages and enhanced statutory damages against all Defendants;

4. Dismissing, or alternatively striking, Plaintiff's claims for statutory damages and attorneys' fees against Defendant Nos. 2, 4, 5, 6, 7, 9, 10, 14, 15, 16, 17, 18, 19, and 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31; and

5. Granting any other relief the Court deems necessary.

Dated:  April 30, 2024                              Respectfully Submitted,

/s/_____Christopher J. Fahy_____

11

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
Christopher@archlakelaw.com

*Counsel for Defendants*

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, Tx 77042
Phone: 346-335-9870
Fax: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*
*Pro hac vice forthcoming*

William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave. Suite 2700
Chicago, Illinois 60601
Phone: 312-551-9500
wflachsbart@dbllawyers.com

*Counsel for Defendants*