## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>           Plaintiff,<br><br>   v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>           Defendants. | Case No.: 1:24-cv-00607<br><br>Judge: Hon. Lindsay C. Jenkins |

## ROADGET'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

Introduction ...................................................................................................................... 1

Background ........................................................................................................................ 1

Legal Standards ................................................................................................................. 2

Argument ........................................................................................................................... 3

I.     This Court Has Personal Jurisdiction over Defendants 2, 4, 12, 17, 23, and 25. ............... 3

     A.     The Jurisdiction-Challenging Defendants' evidence is not sufficient to warrant dismissal, and at a minimum, the Court should allow for jurisdictional discovery. ......................................................................................... 3

     B.     This Court can also exercise personal jurisdiction over the Jurisdiction-Challenging Defendants under Rule 4(k)(2). ........................................................ 5

II.     Roadget Has Sufficiently Alleged an Entitlement to Statutory Damages and Attorneys' Fees Against All Defendants. ............................................................. 7

III.     Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages. ...................................................................... 10

Conclusion ....................................................................................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................................2, 7

*Aspen Mktg. Servs., Inc., v. Russell,*
    No. 09 C 2864, 2009 WL 4674061 (N. D. Ill. Dec. 3, 2009) ...................................................3

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................................................2

*Bontkowski v. Smith,*
    305 F.3d 757 (7th Cir. 2002) .............................................................................................10, 11

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.,*
    582 U.S. 255 (2017) ..................................................................................................................4

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.,*
    230 F.3d 934 (7th Cir. 2000) ................................................................................................5, 7

*Gen. Elec. Cap. Corp. v. Lease Resol. Corp.,*
    128 F.3d 1074 (7th Cir. 1997) ..................................................................................................2

*Gociman v. Loyola Univ. Chi.,*
    41 F.4th 873 (7th Cir. 2022) .....................................................................................................2

*Hanson v. Denckla,*
    357 U.S. 235 (1958) ..................................................................................................................4

*Illinois v. Hemi Grp. LLC,*
    622 F.3d 754 (7th Cir. 2010) ....................................................................................................7

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP,*
    256 F.3d 548 (7th Cir. 2001) ................................................................................................5, 6

*Jumpfly, Inc. v. Torling,*
    No. 10 C 0385, 2010 WL 1978732 (N.D. Ill. May 17, 2010) .............................................3, 9

*Kap Holdings LLC v. Mar-Cone Appliance Parts Co.,*
    55 F.4th 517 (7th Cir. 2022) .....................................................................................................7

*Lanard Toys Ltd. v. Novelty, Inc.,*
    375 F. App'x 705 (9th Cir. 2010) ...........................................................................................11

i

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012)................................................................................6

*NBA Props., Inc. v. HANWJH*,
   46 F.4th 614 (7th Cir. 2022) ...................................................................................4

*Nextpulse, LLC v. Life Fitness, LLC*,
   No. 22-cv-03239, 2024 WL 1376213 (N.D. Ill. Mar. 31 2024) ................................8

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*,
   338 F.3d 773 (7th Cir. 2003) ...........................................................................2, 3, 6

*Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*,
   19 C 6234, 2019 WL 6827641 (N.D. Ill. Dec. 13, 2019) .........................................2

*Southall v. Force Partners, LLC*,
   No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021) ..........................10

*In re Stingray IP Sols., LLC*,
   56 F.4th 1379 (Fed. Cir. 2023) ................................................................................6

*Symbria, Inc. v. Callen*,
   No. 20-cv-4084, 2022 WL 60530 (N.D. Ill. Jan. 6, 2022).........................................8

*Wildlife Express Corp. v. Carol Wright Sales, Inc.*,
   18 F.3d 502 (7th Cir. 1994) ...................................................................................11

*Windy City Mktg., Inc. v. Places Advert., Inc.*,
   No. 07 C 6401, 2009 WL 10676070 (N.D. Ill. June 5, 2009) ..................................9

**Statutes**

17 U.S.C. 504(c) ..............................................................................................................9

17 U.S.C. § 412(2) ...........................................................................................................8

17 U.S.C. § 504(c)(2).................................................................................................10, 11

**Other Authorities**

Rule 4(k)(2)...................................................................................................................5, 6

Rule 8(a)(3) ....................................................................................................................10

Rule 12(b)(2)....................................................................................................................2

Rule 12(b)(6)...............................................................................................................2, 10

Rule 12(d) .....................................................................................................................2, 9

Rule 12(f) ................................................................................................................2, 3, 9

## INTRODUCTION

This is a copyright infringement case. Defendants are online sellers who have not disputed that they copied Roadget's copyrighted designs and photographs (hereinafter "Roadget's Copyrights"). Instead, they have filed a motion to dismiss that raises a variety of arguments that have little or nothing to do with the sufficiency of Roadget's Complaint. Those arguments lack merit, and almost none of them would support dismissal even if they were well-founded.

The motion to dismiss should be denied.

## BACKGROUND

Plaintiff Roadget owns the popular online fashion and lifestyle retailer SHEIN, the most downloaded application on Apple's App Store in 2022. ECF No. 8 at ¶¶ 1, 10. It has registered various copyrights to protect its original designs and photographs. *Id.* at ¶ 11. Roadget owns all of the asserted copyrights, as evidenced by the copyright registration certificates attached to the Complaint. *See id.* Ex. 1–9.

Defendants[1] are foreign online sellers on e-commerce websites, operating behind aliases, who have infringed Roadget's registered copyrights. *See id.* at ¶ 1. They have copied and displayed Roadget's registered photographs and put Roadget's registered designs on clothing offered for sale to United States consumers. *See id.* at ¶ 14–15.

Roadget discovered Defendants' infringement, initiated this Action, and moved for a Temporary Restraining Order ("TRO"). This Court granted the TRO, enjoined Defendants' infringement, authorized service of process by email, and froze Defendants' assets. ECF No. 35. This Court then converted the TRO into a preliminary injunction in response to a joint motion from the parties. ECF No. 83. Defendants 2, 4, 12, 17, 23, and 25 have now moved to dismiss the

---

[1] Throughout this Response, the term "Defendants" is used to refer only to the twenty-four Defendants who filed the instant motion: Defendants 2, 4, 5, 6, 7, 9, 10, 12, 14, 15, 16, 17, 18 & 24, 19, 22, 23, 25, 26, 27, 28, 29, 30, 31.

Complaint for lack of personal jurisdiction under Rule 12(b)(2) (the "Jurisdiction-Challenging Defendants"). The remaining Defendants move to dismiss or strike portions of Roadget's requested relief, specifically its request for exemplary damages, statutory damages, and attorneys' fees under Rule 12(b)(6).

## LEGAL STANDARDS

To defeat a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff need only make out a *prima facie* case, in the absence of an evidentiary hearing. *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Facts alleged in the complaint are taken as true unless the defendants submit affidavits challenging the alleged facts. *Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 19 C 6234, 2019 WL 6827641, at *1, *1-*2 (N.D. Ill. Dec. 13, 2019) ("For this order, the Court accepts as true the following facts from the complaint."). When defendants submit affidavits to challenge facts in the complaint, facts in the affidavits that are contradicted by the plaintiff's evidence are resolved in the plaintiff's favor. *See Purdue Rsch. Found.,* 338 F.3d at 782.

To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The bar to survive a motion to dismiss is not high." *Gociman v. Loyola Univ. Chi.*, 41 F.4th 873, 881 (7th Cir. 2022). The Complaint's allegations are "accepted as true," and matters beyond the pleadings, including evidence presented by the moving party, are generally not considered unless they are of public record. *Ashcroft*, 556 U.S. at 678; *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997); Fed. R. Civ. P. 12(d) (requiring that a 12(b)(6) motion be treated as a motion for summary judgment if matters beyond the pleadings are considered).

A motion to strike under Rule 12(f) asks the court to strike from a pleading an

"insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). If a requested relief is provided for by law, "a defendant's motion to strike a prayer for relief is premature." *Jumpfly, Inc. v. Torling*, No. 10 C 0385, 2010 WL 1978732, at *1, *7 (N.D. Ill. May 17, 2010); *Aspen Mktg. Servs., Inc., v. Russell*, No. 09 C 2864, 2009 WL 4674061, at *1, *2 (N. D. Ill. Dec. 3, 2009).

## **ARGUMENT**

### I.     **This Court Has Personal Jurisdiction over Defendants 2, 4, 12, 17, 23, and 25.**

When Roadget filed this case, Roadget did not know for sure who Defendants were, where they were located, and where they had made sales. Defendants were online sellers of infringing goods, using aliases to obscure their identity, and Roadget brought this case to stop that infringement and disgorge any ill-gotten profits. But Roadget believed—including because Defendants stood willing and able to deliver infringing goods to Illinois—that Defendants had made sales in Illinois, and on that basis alleged as much. ECF No. 8 at ¶ 6. And it turns out Roadget was undisputedly right as to most Defendants: of the 24 Defendants who join in the motion to dismiss, only 6 contest personal jurisdiction at all.

For the six Jurisdiction-Challenging Defendants, Roadget need only make out a *prima facie* case to defeat a motion to dismiss for lack of personal jurisdiction, in the absence of an evidentiary hearing. *Purdue Rsch. Found.*, 338 F.3d at 782. In evaluating the *prima facie* case, all disputes concerning relevant facts are resolved in the plaintiff's favor. *Id.*

### A.     **The Jurisdiction-Challenging Defendants' evidence is not sufficient to warrant dismissal, and at a minimum, the Court should allow for jurisdictional discovery.**

The Jurisdiction-Challenging Defendants' claims that they have not sold "any units of the product referenced in the Plaintiff's Complaint to any person in the State of Illinois" are not sufficient to overcome a finding of specific personal jurisdiction. *See e.g.*, Qiwei Li Declaration ¶

5, ECF No. 88-1. Courts can exercise specific personal jurisdiction over a defendant who has "purposefully directed" their activities at the forum state. *See NBA Props., Inc. v. HANWJH,* 46 F.4th 614, 624 (7th Cir. 2022); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (Defendants must "purposefully avail[] [themselves] of the privilege of conducting activities within the forum State."). The plaintiff's claims must "relate to the defendant's contacts" with the forum. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (cleaned up). Accordingly, personal jurisdiction requires a much more holistic inquiry than the Jurisdiction-Challenging Defendants suggest. *See NBA Props., Inc.,* 46 F.4th at 625 ("The question is not whether the plaintiff purchased enough goods to subject the defendant to personal jurisdiction. The focus is whether HANWJH purposefully directed its conduct at Illinois.").

Here, the declarations Jurisdiction-Challenging Defendants have submitted raise more questions than answers, claiming in each case that they did not sell the Roadget's copyrighted designs (the defined "Accused Products" in each declaration) in Illinois, rather than affirming that they sold none of their own apparel products bearing the claimed design or a substantially similar one. *See, e.g.*, Xi Xu Declaration ¶ 5, ECF No. 88-1. The claims that they have not engaged in any targeted advertising or promotions of the infringing products toward residents of Illinois also warrant scrutiny, because all of the Jurisdiction-Challenging Defendants' infringing products were listed on the Temu U.S. website, which specifically targets U.S. consumers, including residents of Illinois. ECF No. 8 at ¶ 15; ECF No. 14 at ¶ 7. The Jurisdiction-Challenging Defendants have produced no underlying documents or data to substantiate the conclusory assertions. At this stage, the dispute over whether sales have occurred in Illinois is a question of fact that should be resolved in Roadget's favor. At a minimum, the Court should

4

allow jurisdictional discovery to test the Defendants' claims. Dismissal for lack of personal jurisdiction would not be warranted without jurisdictional discovery to test the Jurisdiction-Challenging Defendants' unsubstantiated claims.

> **B.** **This Court can also exercise personal jurisdiction over the Jurisdiction-Challenging Defendants under Rule 4(k)(2).**

The data provided pursuant to the TRO additionally confirms that the Jurisdiction-Challenging Defendants can be sued in any district under Fed. R. Civ. P. 4(k)(2). The rule allows federal courts to exercise jurisdiction over foreign defendants who have minimum contacts with the nation as a whole, even though they may lack sufficient contacts with any one state to be sued there. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). Under Rule 4(k)(2), the Jurisdiction-Challenging Defendants cannot offer infringing products to customers across the United States and then evade U.S. courts by claiming their contacts with any one state are too scant.

To exercise nationwide jurisdiction over a foreign defendant, Rule 4(k)(2) requires that (1) the claims are based on federal law, (2) no state court can exercise jurisdiction, (3) jurisdiction is consistent with U.S. laws, and (4) jurisdiction is consistent with the Constitution. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). And as Roadget has previously established, *see* ECF No. 75, all four elements are satisfied here.

The claim asserted is based on federal law (the Copyright Act). No state can exercise jurisdiction, since the Jurisdiction-Challenging Defendants argue they are not subject to suit in Illinois and have not provided evidence that they would be subject to suit in any other state—indeed, these foreign Defendants do not appear to have any greater connection to any other state than to Illinois. The Jurisdiction-Challenging Defendants themselves bear the burden to propose

an alternate forum where they can be sued, to save the Court the inefficiency of "traips[ing] through the 50 states, asking whether each could entertain the suit." *ISI Int'l, Inc.*, 256 F.3d at 552.

The Jurisdiction-Challenging Defendants have failed to provide evidence proving that they have sold the any goods in any other state. Courts in other circuits have held that "[t]he defendant's burden under the negation requirement entails identifying a forum where the plaintiff could have brought suit—a forum where jurisdiction would have been proper at the time of filing, regardless of consent." *In re Stingray IP Sols., LLC*, 56 F.4th 1379, 1385 (Fed. Cir. 2023) (internal emphasis omitted) (citation omitted). The Jurisdiction-Challenging Defendants should not be allowed to simply use a "unilateral statement of consent" to preclude application of Rule 4(k)(2) and "achieve transfer into a forum it considers more convenient (or less convenient for its opponent)." *Id.* at 1385 (citation omitted).

Here, the Jurisdiction-Challenging Defendants have each named a state in which they allege they are subject to personal jurisdiction. ECF No. 86 at 6-7. However, none of these claims are substantiated by any evidence. Even their declarations do not affirm that infringing sales were made in these alternative forums. At this stage, all disputes concerning relevant facts are resolved in the plaintiff's favor. *Purdue Rsch. Found.,* 338 F.3d at 782. Without evidence, "neither forum is manifestly more appropriate than the other in such situations, and we see little reason to conclude that the defendant's preference should prevail when choosing among districts of equivalent jurisdictional competence based on equal contacts—or lack thereof—with the defendant." *Merial Ltd. v. Cipla Ltd*., 681 F.3d 1283, 1295 (Fed. Cir. 2012). The claims against these Defendants should not be dismissed on the basis of bare assertions.

The other elements of Rule 4(k)(2) jurisdiction are also met. Jurisdiction is consistent

with U.S. laws, because neither the Copyright Act nor another federal statute indicates jurisdiction would be improper. *Cent. States*, 230 F.3d at 941. And finally, the exercise of personal jurisdiction is consistent with the Constitution because the Jurisdiction-Challenging Defendants have established minimum contacts with the United States as a whole, such that they should reasonably anticipate being haled into court here. *Cent. States*, *Id.* at 943. The Jurisdiction-Challenging Defendants do not dispute that they sell their products in the United States, and that is easily enough to show minimum contacts with the nation. *E.g.*, *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757–58 (7th Cir. 2010) (online retailer had minimum contacts with a forum because it maintained a website where residents of the forum could do business and sold to one resident of that forum).

Accordingly, personal jurisdiction is proper in this Court as to all Jurisdiction-Challenging Defendants.

## II.     Roadget Has Sufficiently Alleged an Entitlement to Statutory Damages and Attorneys' Fees Against All Defendants.

Defendants ask the court to either dismiss or strike Roadget's request for statutory damages and attorneys' fees. Whether construed as a motion to strike or a motion to dismiss, the motion should be denied, because it effectively asks the Court to decide this issue on the merits without the benefit of discovery. Roadget has sufficiently alleged an entitlement to statutory damages. At the motion to dismiss stage, the complaint's allegations are "accepted as true," and no evidence is required. *Ashcroft*, 556 U.S. at 678. A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. All reasonable inferences must be drawn in favor of the plaintiff. *Kap Holdings LLC v. Mar-Cone Appliance Parts Co*., 55 F.4th 517, 523 (7th Cir. 2022). Defendants' motion asks the court to turn this standard on its head and draw reasonable inferences against

7

Roadget, or strike the claims while there are unresolved issues of fact. Roadget has made sufficient factual allegations to draw a reasonable inference that the Defendants are liable for statutory damages and attorneys' fees, and therefore, dismissal of this requested relief is not appropriate.

Roadget is entitled to statutory damages and attorneys' fees if Defendants' infringement began after the effective date of Roadget's copyrights. 17 U.S.C. § 412(2). Roadget alleged that Defendants "knowingly and willfully manufacture, offer for sale, and/or sell apparel bearing the Roadget Copyrights." ECF No. 8 at ¶ 15. Roadget alleged that each copyright had a registration effective date of December 22, 2023, with the exception of VA 2-306-339, which has a much earlier effective date of June 3, 2022. ECF No. 8 at ¶ 12. Roadget alleged that the Defendants knowingly and willfully infringed these copyrights. ECF No. 8 at ¶ 15. Roadget then further alleged that it is entitled to statutory damages. ECF No. 8 at ¶ 25. These allegations are sufficient to draw a reasonable inference that Roadget is entitled to statutory damages. There was a month between the effective date of even the latest filed copyrights and the filing of this lawsuit, and it is reasonable to infer that infringement began in that time period. To infer otherwise would be to draw a reasonable inference in favor of the Defendants, which is exactly what they ask this Court to do. ECF No. 86 at 9. *Nextpulse, LLC v. Life Fitness, LLC,* No. 22-cv-03239, 2024 WL 1376213, at *1, *4 (N.D. Ill. Mar. 31 2024) (holding that the plaintiff has sufficiently alleged an entitlement to statutory damages where it alleged ongoing willful infringement).

The case law that Defendants rely on does not apply here. In *Symbria*, the court did not dismiss the plaintiff's request for statutory damages and fees because the plaintiff failed to allege an entitlement to them in the Complaint, but rather because, at that point in that case, there had been sufficient discovery to determine the date on which the infringement commenced. *Symbria,*

*Inc. v. Callen*, No. 20-cv-4084, 2022 WL 60530, at *15 (N.D. Ill. Jan. 6, 2022) ("Symbria acknowledges it registered its copyrights . . . well after the alleged infringement commenced . . .") That is not the case here; Roadget has alleged facts sufficient to show that it is plausible that Roadget is entitled to statutory damages, and Defendants have submitted no evidence sufficient to determine when infringement began. Defendants 2, 4-7, 9, 10, 14-19, 22, and 31 assert in their declarations the date on which the infringing products were posted. ECF No. 86 at 1 n.3. Again, they provide no supporting documentation or other evidence beyond their own affirmation to prove these dates, but even if they did, at the motion to dismiss stage, courts cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). In cases where the timing of infringement is not yet known, courts in this district have declined to strike requests for attorneys' fees and statutory damages. *See, e.g., Windy City Mktg., Inc. v. Places Advert., Inc.*, No. 07 C 6401, 2009 WL 10676070, at *1, *3 (N.D. Ill. June 5, 2009) (finding that striking the plaintiff's request for statutory damages was "premature" because the timing of infringement was not yet established).

If the Court construes the Defendants' motion as a motion to strike under Rule 12(f), their motion still fails. Statutory damages and attorneys' fees are explicitly available under 17 U.S.C. 504(c), and therefore, striking Roadget's request for that relief is premature. *See Jumpfly, Inc.*, 2010 WL 1978732, at *7. Again, the availability of this remedy turns on an unresolved issue of fact, and therefore, it would be inappropriate to strike it under Rule 12(f). *See, e.g., Windy City Mktg., Inc.*, 2009 WL 10676070, at *3.

By asking the Court to dismiss or strike Roadget's claim to statutory damages at this stage, Defendants are effectively asking the Court to decide this issue on the merits without giving Roadget the benefit of discovery. Roadget should be given the opportunity to test

Defendants' assertions by obtaining evidence from them through the usual tools of discovery, and should then be allowed to put forth evidence as to when the infringement began. This issue turns on a question of fact that has not yet been explored, let alone resolved. Accordingly, Defendants' request to strike this requested relief from the complaint is premature.

Even if Roadget's allegations were not sufficient to support a particular form of relief sought, that "would not justify dismissal of the suit." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). As the Seventh Circuit has explained, the "demand for judgment for the relief the pleader seeks" required by Rule 8(a)(3) is "*not* itself a part of the plaintiff's claim," and thus "failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)." *Id.* (emphasis added) (citation omitted).[2] The principle from *Bontkowski* that a challenge to relief is not directed at a "claim" for purposes of a Rule 12(b)(6) motion applies to Defendants' arguments based on the timing of Roadget's registration of certain copyrights. Whether the infringement of each copyright by each Defendant began before the effective dates of Roadget's registrations is a factual question going to the scope of relief, to be resolved after discovery.

## III.    Roadget Has Alleged Facts Sufficient to Establish Willfulness, Justifying Its Claim for Enhanced Damages.

Roadget's Complaint seeks, among other things, statutory damages, which can and should be enhanced here because Defendants' infringement is willful. *See* 17 U.S.C. § 504(c)(2) (permitting statutory damages of up to $150,000 per work upon a finding of willfulness). And Roadget's allegations are more than sufficient to establish willfulness. Defendants' copies of the Roadget Copyrights are not accidental approximations of the works, nor are they vaguely

---

[2] Defendants rely on *Southall v. Force Partners, LLC*, No. 1:20-cv-03223, 2021 WL 3883082 (N.D. Ill. Aug. 31, 2021), to suggest that forms of relief are proper targets of a Rule 12(b)(6) motion, *see* ECF No. 86, at 9, but *Southall* is inconsistent with *Bontkowski* and relies on out-of-circuit authority.

similar-looking. They are virtually identical across the board. *See* ECF No. 8 at ¶ 14 ("Defendants have deliberately and unlawfully copied, displayed, and sold various apparel bearing images virtually identical to the Roadget Copyrights."). Infringement is willful if the infringer knows its conduct is infringement or "has acted in *reckless disregard* of the copyright owner's right." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511–12 (7th Cir. 1994) (emphasis added) (citation omitted). A finding of willful infringement does not require that the plaintiff provide notice of the copyright to the infringer—it does not even require knowledge of the copyright; reckless disregard is willful.

Roadget's allegations, taken as true at this stage, readily support the conclusion that Defendants knowingly copied, displayed, and pasted Roadget's Copyrights onto their clothing and offered it for sale. On this record and at this stage, Defendants have, at a minimum, recklessly disregarded the rights of the owner of the copyrights, and their infringement is willful. *Cf., e.g.*, *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 711 (9th Cir. 2010) (relying on "exactitude" of copying to support finding of willful copyright infringement). And willfulness supports Roadget's claim for enhanced damages.

Defendants' assertions that Roadget has failed to allege a claim for willfulness are again misplaced under *Bontkowski*. Even if Roadget's allegations did not support willfulness, it would be inappropriate to dismiss the suit on this basis. *Bontkowski*, 305 F.3d at 762. This is true as to both enhanced damages and exemplary damages, but, in any event, the prayer for exemplary damages should be construed as a prayer for enhanced damages for willfulness under 17 U.S.C. § 504(c)(2), which is akin to a punitive measure.

## **CONCLUSION**

Roadget respectfully requests that this Court deny Defendants' Motion to Dismiss.

Dated: May 15, 2024

Respectfully submitted,

*/s/ Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
Taylor J. Wilson
Michael C. Springer-Ingram
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com
taylor.wilson@sidley.com
mspringeringram@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*