**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO <br><br> Defendants. | CIVIL ACTION NO. 1:24-cv-607 <br><br> Judge: Hon. Lindsay C. Jenkins |

**DEFENDANTS' REPLY IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

I. **INTRODUCTION**

Plaintiff does not, and cannot, dispute that Defendant Nos. 2, 4, 12, 17, 23, and 25 should be dismissed for lack of personal jurisdiction because they did not sell any of the accused products to residents of Illinois. Plaintiff's alternate basis for personal jurisdiction under Rule 4(k)(2) fails because these Defendants have submitted that jurisdiction is proper in an alternate forum.

Moreover, Plaintiff concedes, in effect, that it has failed to allege the prerequisite to statutory damages and attorneys' fees under the Copyright Act—*i.e.*, that Plaintiff registered the works before the allegedly infringing conduct started. Plaintiff now asks the Court to "infer" this core fact out of thin air. However, there are no factual allegations from which the Court can infer that the accused product listings only began during the narrow period Plaintiff suggests. Plaintiff's claim for statutory damages and fees should be dismissed.

Lastly, Plaintiff has not stated a claim for enhanced statutory damages under the Copyright Act, as merely alleging copying of the work (even if "identical") is insufficient to show "willfulness." Plaintiff's addition of the word "willful" in front of the word "infringement" in an attempt to support a claim for enhanced statutory damages is insufficient.

II. **ARGUMENT**

   A. **Plaintiff Has Not Established Personal Jurisdiction Over Defendant Nos. 2, 4, 12, 17, 23, and 25, and Plaintiff's New Reliance on Rule 4(k)(2) Is Unavailing**

Plaintiff accused Defendant Nos. 2, 4, 12, 17, 23, and 25 of selling specific products identified in Schedule A to the Complaint. *See* ECF No. 8, Schedule A (listing specific URLs from Temu.com allegedly bearing copyrighted work). Plaintiff's basis for personal jurisdiction is that it believed Defendants sold the accused products to Illinois residents. *Id*. ¶ 6. However, Defendants have confirmed in sworn declarations they have not sold any of the accused products to residents of Illinois. *See* ECF No. 88-2 (declarations); *see, e.g., id*., Xi Xu Decl. at ¶ 5 ("After a review of

1

sales records of the Accused Storefront maintained on TEMU.com, and to the best of my knowledge and belief, the Company has never sold or distributed any units of the product referenced in the Plaintiff's Complaint to any person in the State of Illinois through the Accused Storefront.").

On a Rule 12(b)(2) motion challenging personal jurisdiction, "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). A declaration confirming the lack of sales of the accused product in Illinois—as Defendants have provided here—shifts the burden to the plaintiff to submit affirmative evidence supporting jurisdiction. *See See Roadget Bus. Pte. Ltd. v. Schedule A*, No. 23-cv-17036, 2024 WL 1858592, at *3 (N.D. Ill. Apr. 29, 2024) (burden shifted where "[defendants] submitted declarations confirming they have not sold, advertised, or promoted any Accused Product in Illinois").

In response to Defendants' declarations, Plaintiff wrongly claims that documentary evidence is required to "prove a negative" (*i.e.*, the lack of Illinois sales). As detailed below, the law plainly does not require this. Plaintiff then speculates that there *may* be other allegedly infringing products not identified in Plaintiff's own Complaint that *may* have been sold into Illinois, which Plaintiff asserts forms a basis for jurisdictional discovery. *See* ECF No. 111 at 4–5. Plaintiff's speculation falls far short of the Seventh Circuit standard for permitting jurisdictional discovery.

Plaintiff asserts that Defendants were under an obligation to "prove a negative" with documents showing the *absence* of Illinois sales. *See* ECF No. 111 at 4 ("Defendants have produced no underlying documents or data to substantiate" the lack of Illinois sales). This is not the law. *See Suber v. Liberty Mut. Ins. Grp.*, 650 F. Supp. 3d 282, 291 (E.D. Pa. 2022) ("[I]t is Plaintiffs' burden to demonstrate sufficient contacts with the forum related to the claim at issue; Defendants are not

obligated to prove a negative."). Rather, "[u]nrefuted facts in [the] defendant's affidavits . . . [are] taken as true," *Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, No. 19-cv-6234, 2019 WL 6827641, at *2 (N.D. Ill. Dec. 13, 2019), and there is no obligation to submit documents to prove the absence of Illinois contacts or Illinois sales. *See MSM Design & Eng'g LLC v. Schedule A*, No. 20-cv-00121, 2021 WL 3187706, at *2 (N.D. Ill. July 28, 2021) (dismissing for lack of jurisdiction based on unrebutted declaration, Dkt. No. 94-1, attesting no sales of the accused products to Illinois; no documentary evidence required to prove lack of sales to Illinois); *Seven Oaks*, 2019 WL 6827641, at *2 (same; declaration at Dkt. No. 8-1 attesting to lack of Illinois contacts; no documents required); *Adlife Mktg. & Commc'ns Co., Inc. v. Multi-Ad Sols., LLC*, No. 17-cv-01418, 2017 WL 10457147, at *2 (C.D. Ill. Dec. 21, 2017) (same; declaration at Dkt. No. 31).

Indeed, in another one of Roadget's Schedule A suits targeting similarly situated e-commerce merchants, Judge Ellis rejected this same argument from Roadget. *See Roadget Bus. Pte. Ltd.*, 2024 WL 1858592, at *3. The court confirmed that nearly identical declarations attesting to the lack of product sales in Illinois shifted the burden to Plaintiff to prove otherwise, the failure of which required dismissal for lack of personal jurisdiction. *Id*. ("[Defendants] submitted declarations confirming they have not sold, advertised, or promoted any Accused Product in Illinois. . . . Roadget failed to present any evidence challenging [the] declarations. Without any evidence of a connection to Illinois, then, the Court cannot exercise specific personal jurisdiction [Defendants][.]").

Here, Plaintiff again fails to offer any evidence to rebut Defendants' declarations. Plaintiff instead speculates that there *might* be other allegedly infringing products that Plaintiff did not identify in Schedule A of its own Complaint, and then speculates further that, if there are other such products, those products *might* have been sold in Illinois. *See* ECF No. 111 at 4. But Plaintiff cannot frame its copyright infringement claims and basis for personal jurisdiction around the products

3

accused of infringement, and then when jurisdiction is challenged, merely speculate that there might be other products not identified in the Complaint that warrant jurisdictional discovery. Indeed, this Court rejected the same argument when Plaintiff attempted to speculate as to "additional infringing products" in opposition to Defendants' request to modify the asset freeze. ECF No. 77 at 3 ("The Court disagrees that the possibility that Defendants' infringement goes beyond the products that are the subject of Plaintiff's Complaint. . . . Plaintiffs cannot rebut Defendants' evidence by stating, without evidence of its own, that there might be more infringement.").[1]

Moreover, the Seventh Circuit has confirmed that "jurisdictional discovery" should be denied where, as here, it is based on "speculative allegations." *Sheehan v. Breccia Unlimited Co. (In re Sheehan)*, 48 F.4th 513, 527 (7th Cir. 2022). Simply speculating about a defendant's contacts with Illinois, as Plaintiff does here, is insufficient to warrant jurisdictional discovery. *Compare Viahart LLC v. Schedule A*, No. 19-cv-8181, 2022 WL 1004412, at *3 (N.D. Ill. Apr. 4, 2022) (denying jurisdictional discovery because "[plaintiff's] arguments are based on conjecture that [defendant's] contacts might be sufficient to establish personal jurisdiction"), *with Debernardis v. Metabolic Nutrition, Inc.*, No. 15-cv-10808, 2016 WL 11940707, at *8 (N.D. Ill. Dec. 6, 2016) (granting limited discovery based on actual proof of defendant's additional customers in Illinois).

Lastly, Plaintiff's reliance on Rule 4(k)(2) fails because Defendants have identified U.S. states in which they made accused product sales, and thus, provided alternate states in which they would be subject to personal jurisdiction. *See* ECF No. 86 at 6–7 (identifying alternate states to which Defendants would be subject to specific personal jurisdiction).

---

[1] Plaintiff additionally argues that Defendants' assertions that they do not target Illinois with accused product advertising or promotions "warrants scrutiny" because the products are sold on a nationwide website (which provides possible access by Illinois residents). As this Court has recognized, mere nationwide access to the website is insufficient. *See* ECF No. 31 at 4 n.1 ("[T]o be subject to this Court's personal jurisdiction, a seller likely must have more contact with Illinois than merely offering a product for sale online that can be shipped to a user-supplied Illinois address." (collecting cases)).

Plaintiff's only counter is that Rule 4(k)(2) negation allegedly requires Defendants to "provide evidence proving" sales to the alternate state. ECF No. 111 at 6. In doing so, Plaintiff ignores binding Seventh Circuit precedent. The Seventh Circuit has confirmed that "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) ("Naming a more appropriate state," the Court reasoned, "would amount to a consent to personal jurisdiction there (personal jurisdiction, unlike federal subject-matter jurisdiction, is waivable)."). Thus, it is clear from the face of the *ISI* decision that consent alone can negate Rule 4(k)(2), which is precisely how it has been construed by district courts. *See, e.g.*, *God, Family & Country LLC v. Marcrest Mfg., Inc.*, No. 08-cv-3140, 2009 WL 484964, at *1 (C.D. Ill. Feb. 25, 2009) (consent to jurisdiction in Michigan by way of attorney assertion in brief sufficient to negate Rule 4(k)(2) under *ISI*).

Moreover, even if the Court adopts the view that something more than mere consent is required, the Court should follow the many courts in this District that have accepted attorney-submitted statements confirming that the defendant has sufficient contacts with the alternate forum. For example, in *Medline Indus., Inc. v. Strategic Com. Sols., Inc.*, the court rejected personal jurisdiction under Rule 4(k)(2) based on an attorney-submitted statement asserting: "Based on the contacts that Defendants have had with the United States, Defendants have determined the forum state of New Hampshire would be able to assert personal jurisdiction over both Defendants." No. 07-cv-2783, ECF No. 53 (N.D. Ill. April 11, 2008); 553 F. Supp. 2d 979, 984 (N.D. Ill. 2008) ("[T]he Wong Defendants assert that they are subject to jurisdiction in New Hampshire, so Rule 4(k)(2) does not apply to them."). Likewise, in a Schedule A case, the court similarly accepted an attorney-submitted statement that Defendant "has sufficient minimum [contacts] with the State of California to support jurisdiction." *Hangzhou Chic Intelligent Tech. Co. v. Schedule A*, No. 20-cv-

4806, 2022 WL 2208827, at *2 (N.D. Ill. June 21, 2022) (ECF No. 522).

Similarly, Judge Ellis rejected the same argument Plaintiff asserts here, finding that the defendants' concession in briefing to alternate-state jurisdiction due to sales in those states sufficed to negate Rule 4(k)(2). *Roadget Business Pte. Ltd.*, 2024 WL 1858592, at *4 ("Following [*ISI*], courts have found that simply identifying another state is sufficient because doing so amounts to waiver of personal jurisdiction in that state. Here, Defendants 23 and 26 assert that they are subject to jurisdiction in Delaware and Michigan, respectively, because they have made sales of the Accused Products in these states." (citations omitted)). Likewise, Plaintiff cannot rely on Rule 4(k)(2) to support personal jurisdiction because Defendants have asserted that they have made accused product sales to alternate states (and alternatively have expressly consented to specific personal jurisdiction in the alternate states). ECF No. 86 at 6–7.

### B. Plaintiff Has Failed to Allege a Claim for Statutory Damages and Fees.

The parties do not disagree on the law: Roadget is not entitled to statutory damages and attorneys' fees unless it pleads (and ultimately proves) that the work was registered before the allegedly infringing conduct began. Plaintiff failed to make such an allegation, but now asks the Court to "infer" that it did. That is not the law.

Specifically, Plaintiff asks the Court "to draw a reasonable inference . . . that infringement began in [the] time period [between December 22, 2023 and January 23, 2024]." ECF No. 111 at 8. This inference, Plaintiff argues, can be drawn from Plaintiff's "willfulness" allegation and Plaintiff's claim to statutory damages. *Id*. ("Roadget alleged that the Defendants knowingly and willfully infringed these copyrights. Roadget then further alleged that it is entitled to statutory damages. These allegations are sufficient to draw a reasonable inference that Roadget is entitled to statutory damages." (record citations omitted)). But adding the word "willful" before the word "infringement" in the complaint and citing the potential remedies section of the Copyright Act have

6

no bearing on whether the Court can infer from Plaintiff's allegations that the alleged infringement began only during this narrow period, and not a day earlier. There are simply no facts from which the Court can infer what Plaintiff is required to allege expressly.

Indeed, while alleging infringement of a copyright that was registered one month before filing suit raises a *possibility* that infringement occurred only during that narrow one-month period, it does nothing to cross the line into the required "plausibility" sufficient to infer such allegations into existence. *See Groupon Inc. v. MobGob LLC*, No. 10-cv-7456, 2011 WL 2111986, at *5 (N.D. Ill. May 25, 2011) (allegations must be "plausible" and not "merely possible" to benefit from "reasonable inference"). Moreover, putting aside that it is *Plaintiff's burden* to allege that registration preceded the allegedly infringing conduct—and Plaintiff failed to make such an allegation—an additional fact the Court may consider further narrows the window of "possibility" and forecloses any reasonable "plausibility."

Plaintiff admittedly accessed each Defendant's online storefront listing to see the accused products listings on January 10, 2024. ECF No. 14-3 at ¶ 7 ("On January 10, a member of my team clicked each of the links to the Defendants' product offerings, which appear in the 'Product Links' column of Schedule A to the Complaint."). Thus, if the accused product listings were already live on January 10, 2024 (about two weeks before Roadget filed the suit), then they necessarily were not first published between January 11 and January 23, 2024. Therefore, the possible statutory damages window is reduced to the 18-day period between December 22, 2023 and January 10, 2024.[2] To the extent Plaintiff can, in good faith and consistent with Rule 11, allege that all 23

---

[2] That Plaintiff even asked the Court to infer that infringement began at some point during this "month" period (ECF No. 111 at 8) is a reach given that Plaintiff itself had seen the accused products listings on January 10, 2024 (ECF Nos. 14-3). Thus Plaintiff knew full well that the allegedly infringing conduct could not have started in the latter half of the "month" period.

Defendants (or any one or more of them) began listing the accused products only during this 18-day period—and not even a day earlier—Plaintiff should allege as much expressly, and not attempt to rely on some unfounded "inference" that appears nowhere in the operative complaint.

In sum, the Court should not blindly "infer" that Plaintiff registered its works prior to the date that the allegedly infringing listings went live when Plaintiff failed to allege such a core fact and the undisputed facts suggest Plaintiff could not plausibly allege the facts that it now asks the Court to infer. The claim for statutory damages and attorneys' fees should be dismissed.[3]

### C. Plaintiff Has Failed to Allege "Willful" Infringement to Support Its Claims for Enhanced Statutory Damages

To support its willful infringement claim, Plaintiff relies on the fact that it has alleged "virtually identical" designs and photographs. But alleging only "virtually identical" works, is insufficient to support "willful infringement" absent additional willfulness-indicative factors, which Plaintiff has not alleged here. For example, in *Serio v. Skijor, USA, Inc.*, the court rejected a "willful infringement" claim where the "Defendant's website displayed an *identical* copy of the [copyrighted] Photograph" because, like here, the plaintiff did not allege any willfulness-indicative factors beyond using the same work. No. 23-cv-438, 2023 WL 8372894, at *4 (S.D.N.Y. Dec. 4, 2023) (emphasis added). The court distinguished cases where additional willfulness-indicative factors were alleged, for example, where the defendant "cropped out the portion of the Photograph bearing [plaintiff's] watermark and business logo," *id*., or where the defendant, in addition to

---

[3] Plaintiff cites *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002), for the proposition that failure to state a particular form of relief cannot result in *dismissal of the entire claim*. Defendants do not dispute this. But *Bontkowski* does not stand for some limitation on the Court's ability to find that a particular form of damages relief claimed has not been alleged adequately (*e.g.*, enhanced statutory damages) or is not available as a matter of law (*e.g.*, exemplary damages). Defendants are not seeking dismissal of the entire claim (as in *Bontkowski*), rather only specific, enhanced damages remedies. Courts throughout the country, including in this District, confirm this is well within the Court's authority. ECF No. 86 at 7, 10–11 (listing cases striking or dismissing exemplary damages and enhanced statutory damages).

8

copyright infringement, also engaged in blatant "counterfeiting" of the plaintiff's trademark. *Id*. at n.2. Here, Plaintiff only alleges Defendants used the designs and photos, but no facts beyond that. This is insufficient to allege "willful infringement."[4]

Plaintiff also claims willfulness "does not even require knowledge of the copyright." ECF No. 111 at 11. Plaintiff provides no legal support for that assertion, and also does not—and cannot—explain how Defendants here could "recklessly disregard" Plaintiff's rights if they had no reason to know such rights exist. *See Philpot v. L.M. Commc'ns II of S.C., Inc.*, 343 F. Supp. 3d 694, 701 (E.D. Ky. 2018) (plaintiff must show defendant "knew of [the] copyright" or "should have had notice of the copyright and acted recklessly"), *rev'd*, 776 F. App'x 906 (6th Cir. 2019) (reversing and remanding only attorneys' fees issue). Indeed, Plaintiff does not allege Defendants copied the underlying works from Plaintiff's website or any other facts suggesting Defendants had reason to know of Plaintiff's alleged rights in the works. Rather, Plaintiff only alleges that Defendants, like any other member of the public, theoretically "had access" to Plaintiff's website because of general access to the internet. ECF No. 8 at ¶ 21. Merely alleging internet "access" is insufficient to show "willfulness" absent allegations that defendant copied the work from a source disclosing the plaintiff's right to the design. *See Serio*, 2023 WL 8372894, at *4 ("Nor has Plaintiff alleged that Defendant copied the image from a source that disclosed Plaintiff's interest in the [work].").

### III. CONCLUSION

Based on the foregoing, Defendants' Motion should be granted as modified herein.

---

[4] Plaintiff cites to *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 711 (9th Cir. 2010), ostensibly for the proposition that "exactitude" alone is sufficient, but *Lanard Toys* involved much more than identical copying, including attempts to "conceal" the co-defendant's copying of the plaintiff's work, subjective knowledge from a company executive that the toy manufacturers from which he sourced the toys was a "den of piracy," and proof that the defendant sent toy samples for copying without regard for any of the owner's trade dress or copyright rights.

Dated: May 29, 2024

Respectfully Submitted,

/s/ *William W. Flachsbart*
William W. Flachsbart
DUNLAP BENNETT & LUDWIG
333 N. Michigan Ave.; Suite 2700
Chicago, IL 6060
T: 312-551-9500
F: 312-551-9501
wflachsbart@dbllawyers.com

Christopher J. Fahy
ARCH & LAKE LLP
203 N. LaSalle St.; Suite 2100
Chicago, IL 60601
T: 312-558-1369
F: 312-614-1873
christopher@archlakelaw.com

Haoyi Chen
ARCH & LAKE LLP
2500 Wilcrest Dr.
Houston, TX 77042
T: 346-335-9870
F: 312-614-1873
haoyichen@archlakelaw.com

*Counsel for Defendants*