IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., a private limited company organized in the country of Singapore,<br><br>    Plaintiff,<br><br> vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>    Defendants. | Case No.: 1:24-cv-00607<br><br>**Judge: Hon. Lindsay C. Jenkins** |

**PLAINTIFF ROADGET'S RESPONSE TO DEFENDANTS' MOTION TO SEVER**

**TABLE OF CONTENTS**

Page

**INTRODUCTION** ............................................................................................................. 1

**BACKGROUND** ............................................................................................................... 1

**ARGUMENT** ..................................................................................................................... 2

I.      Joinder of Defendants is Proper Under Rule 20(a). ............................................. 2

   A.   Roadget's Claims Against Defendants Arise Out of the Same Series of Transactions or Occurrences .................................................................................................. 3

   B.   Roadget's Claims Against All Defendants Involve Common Issues of Law and Fact. ..... 8

II.     Judicial Economy Would be Best Served by Retaining Joinder ......................... 10

III.    If the Court Finds that Joinder is Not Appropriate, Roadget Asks That the Court Sever the Claims. ................................................................................................ 11

**CONCLUSION** ................................................................................................................ 13

**INTRODUCTION**

Plaintiff Roadget Business Pte. Ltd. ("Roadget") filed this suit to enforce and protect its copyrights against Defendants, who are foreign online sellers unlawfully selling clothing using unauthorized copies of Roadget's copyrighted designs and photographs. While the parties are actively briefing a separate Motion to Dismiss, the Defendants[1] have now filed a Motion to Sever, asking this court to dismiss the claims for misjoinder or sever them into separate actions. The Defendants' arguments for severance or dismissal for misjoinder are without merit, and rely on a narrow, rigid reading of joinder law. The Defendants' request for severance or dismissal for misjoinder should be denied.

**BACKGROUND**

Plaintiff Roadget owns the popular online fashion and lifestyle retailer SHEIN, the most downloaded application on Apple's App Store in 2022. ECF No. 8 at ¶¶ 1, 10. It has registered various copyrights to protect its original designs and photographs. *Id.* at ¶ 11. Roadget owns all of the asserted copyrights, as evidenced by the copyright registration certificates attached to the Complaint. *See id.* Ex. 1–9.

Defendants are foreign online sellers on e-commerce websites, operating behind aliases, who have infringed Roadget's registered copyrights. *See id.* at ¶ 1. They have copied and displayed Roadget's registered photographs and put Roadget's registered designs on clothing offered for sale to United States consumers. *See id.* at ¶ 14–15.

Roadget discovered Defendants' infringement, initiated this Action, and moved for a Temporary Restraining Order ("TRO"). This Court granted the TRO, enjoined Defendants'

---

[1] Throughout this Response, the term "Defendants" is used to refer only to the twenty-four Defendants who filed the instant motion: Defendants 2, 4, 5, 6, 7, 9, 10, 12, 14, 15, 16, 17, 18 & 24, 19, 22, 23, 25, 26, 27, 28, 29, 30, 31.

1

infringement, authorized service of process by email, and froze Defendants' assets. ECF No. 35. This Court then converted the TRO into a preliminary injunction in response to a joint motion from the parties. ECF No. 83. Defendants then filed a Motion to Dismiss. ECF No. 85. While briefing for the Motion to Dismiss was still ongoing, Defendants filed a Motion to Sever pursuant to Rules 20 and 21. ECF No. 107.

## ARGUMENT

### I. Joinder of Defendants is Proper Under Rule 20(a).

Defendants are properly joined in this action because Roadget asserts a right to relief against them severally with respect to the same series of occurrences, and there are questions of law and fact common to all Defendants.

Permissive joinder of defendants is allowed when the plaintiff asserts any right to relief against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and where there is any question of law or fact common to all defendants. Fed. R. Civ. P. 20(a)(2). In assessing whether the requirements of Rule 20(a) are met, the court must accept the factual allegations in the plaintiff's complaint as true. *Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns. Identified on Schedule A,* 334 F.R.D. 182, 185 (N.D. Ill. 2020). If the Rule 20 requirements are met, the court need not sever the claims; the court has discretion to allow permissive joinder where doing so will avoid prejudice, promote judicial economy, or safeguard principles of fundamental fairness. *See Glacier Films (USA), Inc. v. Does 1-29*, Case No. 15-cv-4016, 2015 WL 8989217, at *3 (N.D. Ill. Dec. 15, 2015).

### A. Roadget's Claims Against Defendants Arise Out of the Same Series of Transactions or Occurrences.

Defendants are properly joined where a plaintiff's claims against them arise out of the same transaction or occurrence, meaning that there need only be a "logical relationship between the separate causes of action." *Glacier Films (USA), Inc.*, 2015 WL 8989217, at *3. "This test is flexible; courts are encouraged to seek the 'broadest possible scope of action consistent with fairness to the parties.'" *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)); *see also In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012). There is no objective test for determining whether two claims arise out of the same transaction or occurrence. *Bose Corp. v. P'ships & Unincorporated Ass'ns. Identified on Schedule "A"*, 334 F.R.D. 511, 513 (N.D. Ill. 2020); *see also Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007). Because there is no objective test, "the proper analysis is an investigation of the fairest and most efficient way for a plaintiff to seek relief for the harm they have alleged." *Bose Corp.*, 334 F.R.D. at 513; *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("These rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes.").

The core principle—identifying the "fairest and most efficient" path—should guide the Court's assessment here, as it did in *Bose*. *Bose* held that joinder of multiple eBay sellers was permissible because the defendants were participating in the same "occurrence" of mass infringement, despite the fact that there was apparently no direct communication or coordination between the defendants. *Bose Corp.*, 334 F.R.D. at 512, 516-17; *see also McDaniel v. Chi. Police Dep't*, No. 21-CV-5842, 2022 WL 2316231, at *2 (N.D. Ill. June 28, 2022) ("The actions of multiple defendants are not required to be in concert for claims to arise out of the same

3

transaction or occurrence so long as a logical relationship exists between the claims."). The existence of the "swarm" of mass infringement was treated as having created a single occurrence that connected the defendants. *Bose Corp.*, 334 F.R.D. at 517 ("[I]t is the injuries in the aggregate—the swarm—that is harmful and from which Bose seeks shelter."). Accordingly, the *Bose* court held that "[j]oinder of all defendants who are part of the swarm attacking Bose's trademarks flows easily from conceptualizing the swarm as the relevant Rule 20 'occurrence.'" *Id.*

So, too, here. Defendants have all participated in the same occurrence of mass infringement. Roadget is the owner of the incredibly popular SHEIN brand. ECF No. 8 at ¶¶ 1, 10. Roadget's claims against the moving Defendants arise out of the same occurrence: the mass infringement of Roadget's copyrights on the Temu e-commerce website. Sellers on Temu compete directly with Roadget's popular fashion brand, SHEIN. The infringement of Roadget's copyrights on Temu has been widespread; to date, Roadget is aware of over a hundred infringing product listings on Temu.[2] The proliferation of these infringing product listings shows that this is the same occurrence; sellers on Temu have realized that they can profit from copying Roadget's

---

[2] Complaint, *Roadget Bus. PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23-cv-16262 (N.D. Ill. Nov. 27, 2023) (identifying 29 infringing sellers on Temu); Complaint, *Roadget Bus. PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 23-cv-17036 (N.D. Ill. Dec. 22, 2023) (identifying 26 infringing sellers on Temu); Complaint, *Roadget Bus. PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-00115 (N.D. Ill. Jan. 4, 2024) (identifying 17 infringing sellers on Temu); Complaint, *Roadget Business PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-02015 (N.D. Ill. Mar. 8, 2024) (identifying 6 infringing sellers on Temu); Complaint, *Roadget Business PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-02536 (N.D. Ill. Mar. 28, 2024) (identifying 17 infringing sellers on Temu); Complaint, *Roadget Business PTE. LTD. v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 24-cv-03139 (N.D. Ill. Apr. 18, 2024) (identifying 24 infringing sellers on Temu).

product listings and that the more infringers there are, the more difficult it is for Roadget to do anything to stop them. *See Bose Corp.*, 334 F.R.D. at 516.

The nature of the relationship between the SHEIN brand and Temu, in combination with the volume of infringement, gives rise to the inference that Defendant's infringement is a single occurrence of mass infringement. *See id*. The nature of the relationship between Roadget and Temu is such that consumers often choose *between them* as alternatives, and Defendants are taking advantage of that fact to divert consumers away from SHEIN using copycat product listings. For example, Defendants regularly use infringing product listings that look nearly identical to the product listings on SHEIN, creating a significant risk that consumers are redirected to the Defendants when shopping for SHEIN apparel. *See* ECF No. 8 at ¶ 13. The fact that consumers frequently choose between the infringing and the copyrighted product listings makes the harm suffered here a direct analog to that in *Bose*. *See id.* at 517. The Defendants truly are a "swarm" of copyright infringers, all of whom have realized that they can profit by copying their competition, and that swarm is the "the definition of the harm." *Id.* at 516-17 ("[I]t is plausible that Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they do not engage in direct communication or coordination.").

Importantly, this case includes a source of connection among defendants that was *not* present in *Bose* but makes the case for joinder all the stronger. In *Bose*, the e-commerce website was the eBay platform, and while the existence of the swarm *on* eBay linked the sellers together, there was no apparent coordinating role *by* eBay itself. Indeed, the *Bose* court disclaimed reliance on "coordination," despite permitting joinder. 334 F.R.D. at 517. Temu is not like eBay. For example, evidence uncovered through Roadget's efforts to curtail mass infringement of its

5

copyrights on Temu has revealed that Temu exercises significant control over its sellers, dictating aspects of their product listings, including the prices and item descriptions. Declaration of Taylor J. Wilson ("Wilson Decl."), Ex. 2 ███████████████████████████████████████████████████████████████████. This degree of coordination is unlike other online e-commerce websites such as eBay or Amazon where individual sellers simply upload product listings at will. Thus, although the "swarm" should be treated as a single "occurrence" as in *Bose*, the connection provided by Temu's coordinating role would turn even separate transactions or occurrences into a "series of transactions or occurrences" under Rule 20(a)(1)(A). In short, and contrary to Judge Elaine E. Bucklo's ruling in another case in which these issues were not fully aired, this is not a case of "instances of infringement by distinct competitors." *See Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto,* No. 23-cv-00115, ECF No. 84, at 8-9 (N.D. Ill. May 30, 2024) (attached as Wilson Decl. Ex. 3). Instead, there is a swarm of infringement, and the additional thread that ties the various Defendants together is the coordinating role of Temu.

      The Schedule A cases against Temu have unusual features that the Court has itself seen that support an inference of coordination. Whereas (per Judge Bucklo) it is usually "exceedingly rare for defendants to appear at all [in Schedule A cases], much less to mount a vigorous challenge," *id.* at 5, the defendant sellers on Temu in the series of *Roadget* Schedule A cases have routinely appeared and vigorously defended. Notably, Defendants disclaim any coordination in a series of declarations that make such disclaimers in the same language from one declaration to the next. *See, e.g.*, ECF No. 110 at 5, 10, 15. And what is even more "exceedingly rare" than such vigorous defense is that the eventual counsel for most of the

6

defendants to date has repeatedly appeared an amicus to challenge the scope of the TRO request *before the defendants have even been publicly identified*, with the promise of a "high likelihood that the [amicus] Firm will come to represent *Temu merchants* accused in this action"—a promise on which counsel has delivered each time it was made. ECF No. 11 at 3 (emphasis added). Notably, this case involves sellers on non-Temu platforms as well, but counsel did not suggest any likelihood of representing such sellers. To be clear, Roadget does not suggest that it is in any sense improper for counsel to represent and vigorously defend Temu merchants repeatedly. But the bare facts provide every reason to believe that the apparently distinct merchants are in fact coordinated by and through Temu, distinguishing this case from those in which joinder has been found to be improper.

Roadget respectfully submits that the facts already known and established are sufficient to infer coordination and thus a "series" of transactions of occurrence, if not a single "occurrence" characterized by such coordination. But at a minimum, both the degree of control that Temu exercises over Defendants and their unique litigation patterns militate strongly in favor of permitting discovery to explore the scope and extent of coordination before making any adverse determination with respect to joinder.

The Defendants attempt to rely on *Estee Lauder Cosmetics Ltd*., but that case does not apply here for several reasons. *Estee Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns. Identified on Schedule A,* 334 F.R.D. 182 (N.D. Ill. 2020). First, a major reason the court found misjoinder in that case was the *practical* burden that joinder placed on the court by virtue of the number of defendants involved. *Id.* at 186, 189 (finding that the sheer number of defendants undermined an inference that substantially the same evidence applies to all 79 of them). The court was explicit in its concerns about the incredible volume of evidence presented by the

7

plaintiffs (amounting to 1,355 pages). *Id*. No similar burden exists here; there are only 24 Defendants joined in this case that have appeared, and all of the evidence of the Defendants' revenue from sales and infringing goods has come from Temu. Wilson Decl., Ex. 1. In fact, the Defendants themselves have demonstrated that the same evidence applies to all of them by consistently relying on revenue data collected, stored, and produced by Temu, in a convenient single spreadsheet. *Id.* And in another case in which Temu merchants represented by the same counsel raised joinder issues, counsel quite reasonably and appropriately noted that they "[did] not oppose coordinating these actions for pretrial purposes such as discovery and dispositive motions; and, of course, they would prefer to file joint briefs where it is practical to do so (presumably the Court and Plaintiff would prefer joint briefing on overlapping issues as well)." Defendant's Reply ISO Motion to Dismiss, or Alternatively, to Sever, *Roadget Bus. PTE. Ltd., v. Individuals*, *Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto,* Case No. 1:23-cv-17036, ECF No. 79 at 14 (N.D. Ill. Apr. 5, 2024). Everyone involved understands that these are not going to be dozens of separately litigated claims. They are already coordinated, and they should remain joined because of that coordination.

        **B.**        **Roadget's Claims Against All Defendants Involve Common Issues of Law and Fact.**

Additionally, there are many questions of law and fact common to all Defendants. Joinder is permitted when "*any* question of law or fact common to all defendants" will arise. Fed. R. Civ. P. 20(a)(2)(B) (emphasis added); *see Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011).

There are multiple issues of fact that are common to all Defendants. The coordinating role of Temu in Defendants' conduct, as well as Defendants' common use of the same e-commerce site and reliance on consolidated data from that site, present common questions of fact

8

that bear on the parties' disputes. For example, Roadget seeks in this case (among other remedies) to disgorge Defendants' profits from their infringement under 17 U.S.C. § 504(b). Defendants will no doubt contend that their deductible expenses include expenses associated with or payments made to Temu, and the existence of such payments and expenses, as well as the extent to which any such payments or expenses qualify as deductible expenses, present factual questions common to each Defendant who has engaged in infringement through sales on Temu. On top of that, the coordinating role of Temu in connection with Defendants' infringement itself presents common factual questions.

Moreover, there are obvious common questions of law. Roadget has alleged copyright infringement against all of the Defendants, which will necessarily require Roadget to prove that it is the owner of valid copyrights. The underlying legal issues regarding copyright validity and copyright ownership present many questions of law common to all Defendants. *See Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 521 (N.D. Ind. 2012). Additionally, the Defendants that have filed Answers have included identical affirmative defenses, further showing that there will be duplicative arguments and briefing if these cases are severed. *See e.g.*, Defendant Zhangang Duoxi Clothing's Answer, ECF No. 90; Defendant Guangzhou Aisiyuan Clothing Co., Ltd.'s Amended Answer, ECF No. 113; *see Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, No. 09-cv-6957, 2011 WL 148052 at *4 (N.D. Ill. Jan. 12, 2011) (acknowledging that there were common questions of law and fact where the defendants brought identical affirmative defenses); *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) ("[T]he defendants have raised several identical affirmative defenses. As a result, it is undeniable that the court will inevitably be faced with duplicative arguments and overlapping evidence.").

9

Accordingly, joinder in this matter is proper, and the Court should find that Roadget's claims arise out of the same occurrence of mass infringement.

**II.     Judicial Economy Would be Best Served by Retaining Joinder.**

Because the Rule 20(a) requirements are met, this Court has discretion to permit joinder, and it should do so. Judicial economy would be best served by joinder in this case because it will promote efficiencies in discovery and prevent duplicative briefing. Severance would require that this single case be split into approximately two dozen separate cases. Where cases are severed because of a negative impact on efficiency, they typically involve significantly more defendants than that. *See, e.g., Art Ask Agency v. P'ships et al. on Schedule "A"*, No. 21-cv-06197, 2021 WL 5493226, at *1 (N.D. Ill. Nov. 23, 2021) (severing 216 defendants); *NFL Props. LLC v. P'ships et al. on Schedule "A"*, No. 21-cv-05522, 2021 WL 4963600, at *1 (N.D. Ill. Oct. 26, 2021) (severing 228 defendants); *Estee Lauder Cosmetics Ltd.*, 334 F.R.D. at 182 (severing 79 defendants). Further, Defendants have themselves demonstrated the evidentiary efficiency of joinder by consistently relying on their common platform, Temu, to provide them with all of their revenue data. Wilson Decl., Ex. 1; ECF No. 68-2. To date, no Defendant has produced any of its own evidence of revenue, sales, or the amount of frozen assets.

Notably, when this Court granted the firm that now represents the moving Defendants leave to file an amicus brief at the TRO stage, the Court suggested the possibility of joining the existing separate cases (of which there were four at the time) in a single action—inviting the parties to consider *more* joinder, rather than less. As the Court observed, "Given the legal and factual similarities between this case and the three earlier-filed actions, the Firm may wish to address whether the cases should be consolidated." ECF No. 22 at 3. The principle behind the Court's observation was well founded: the claims against Temu merchants are linked in many

10

ways and share many common issues, such that proceeding in as coordinated a fashion as possible will be most efficient.

The "disadvantages" that Defendants list (ECF No. 108 at 10) are by no means certain to occur if they remain joined in this action, and all of the alleged disadvantages can be easily addressed by the Court or the parties through other means. For example, the court can allocate discovery to avoid prejudice. Fed R. Civ. P. 26(b)(2)(A) ("[T]he court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions . . . ."). If it becomes apparent after discovery that one or more Defendants might be prejudiced by a joint trial, separate trials can be ordered. Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial . . . ."). If a Defendant actually moves to transfer, the Court can consider whether severing and transferring that Defendant is appropriate at the time that such a motion is filed. Defendants with low-volume sales that do not wish to coordinate with other Defendants remain free to pursue a resolution through settlement. All of the issues raised by the Defendants would be easily addressed, *if* they arise at all.

The reality is that the Defendants move for severance not because they will be unfairly burdened by joinder, but because they know that severance of all of the claims would make it difficult, if not impossible, for Roadget to pursue them all. *See Bose Corp.*, 334 F.R.D. at 513. Defendants should not be permitted to weaponize procedural rules to evade accountability and burden the Court in the process.

### III. If the Court Finds that Joinder is Not Appropriate, Roadget Asks That the Court Sever the Claims.

Although this Court should find that joinder is proper under Rule 20 and beneficial for reasons of judicial economy, if the Court finds that joinder is not appropriate, Roadget urges the

11

Court to *sever* the claims into separate actions, rather than dismiss the claims (as courts sometimes do). If these Defendants are dismissed, it will disrupt the injunctive relief that this court already ruled was necessary to protect Roadget. Memorandum Opinion & Order, ECF No. 31; Order, ECF No. 73. As Roadget argued, and this Court agreed, Roadget will suffer irreparable harm without injunctive relief freezing the Defendants' assets. The Defendants, who are now aware of the action, need only empty their bank accounts upon dismissal for joinder to effectively deprive Roadget of any possibility of recovering against them. The Defendants rely heavily on another case brought by Roadget, *Roadget Bus. Pte. Ltd. v. Schedule A,* No. 23-cv-17036, 2024 WL 1858592 (N.D. Ill. Apr. 29, 2024), in which the court dismissed without prejudice all but one defendant. As a result, the asset freezes against those defendants were lifted, and now, even if Roadget is able to obtain another temporary restraining order against them, it is likely that their funds have been dissipated—making any effort to refile futile.

      Instead, in the event the Court finds misjoinder—which it should not do, based on the arguments set forth above that have not been fully presented in any prior case—this Court should follow the approach adopted by Judge Bucklo, and sever the Defendants into separate actions. In another copyright infringement case by Roadget against Temu sellers, Judge Bucklo opted to sever parties that she found to be misjoined, noting that "[s]everance is the better course here because dismissal would lift the TRO and open the possibility that the affected defendants would move the funds subject to the asset freeze out of plaintiff's reach." Ex. 3 at 11 (citing *Mansoori v. Patel*, No. 17-cv-08846, 2022 WL 683667, at *2 (N.D. Ill. Mar. 8, 2022)). The same is true here. Roadget will likely be prejudiced to the point of being unable to obtain relief from the Defendants if they are dismissed, rather than severed—indeed, Defendants are likely counting on it. The Defendants should not be allowed to manipulate the rules of procedure to obtain a

dismissal that practically prevents Roadget from pursuing its claims, where severance would be more than sufficient to protect the Defendants from any prejudice that they may face.[3]

Accordingly, if the Court finds that joinder is not appropriate, Roadget respectfully submits the only way to avoid continued irreparable harm to Roadget would be to *sever* the claims, rather than dismiss them.

## CONCLUSION

Roadget respectfully requests that this Court deny Defendants' Motion to Sever.

Dated: June 3, 2024                                  Respectfully submitted,

*/s/ Steven J. Horowitz*
Steven J. Horowitz
Matthew D. Binder
Deepa A. Chari
Taylor J. Wilson
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000
shorowitz@sidley.com
mbinder@sidley.com
dchari@sidley.com
taylor.wilson@sidley.com

*Counsel for Plaintiff Roadget Business Pte. Ltd.*

---

[3] There are a number of defendants who are not joined in this motion. Roadget requests that, should this Court find that joinder is not appropriate as to the moving Defendants, that it nonetheless retain joinder as to the non-moving Defendants. The non-moving Defendants have not appeared in this action, and therefore, have not been prejudiced by joinder. *See Roadget Bus. Pte. Ltd. v. Schedule A,* No. 23-cv-00115, ECF No. 84 at 10 n.5 (N.D. Ill. May 30, 2024); *see Pink Floyd (1987) Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* No. 21-cv-04406, 2021 WL 7179622, at *1 (N.D. Ill. Oct. 21, 2021) (finding severance inappropriate because defendants had not appeared).