IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROADGET BUSINESS PTE. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT, <br><br> Defendants. | Case No.: 1:24-cv-00607 <br><br> Judge Lindsay C. Jenkins |

**MEMORANDUM IN SUPPORT OF PLAINTIFF ROADGET'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANTS NOS. 1, 3, 8, 11, & 13**

Plaintiff Roadget Business Pte. Ltd., ("Roadget"), moves this court to enter Default and Default Judgment, pursuant to Federal Rules of Civil Procedure 55(a) and 55(b)(2), against Defendants Nos. 1, 3, 8, 11, and 13 ("Defaulting Defendants") as listed on Schedule A, ECF No. 8, and Exhibit A to Roadget's Motion for Entry of Default and Default Judgment. The Defaulting Defendants were properly served on March 12, 2024, ECF No. 37. It has now been more than 21 days since service was made on Defaulting Defendants, and none has appeared, filed a responsive pleading, or otherwise defended against the Complaint. Accordingly, Roadget is entitled to entry of Default and Default Judgment as to Defaulting Defendants.

**I. Statement of Facts**

Roadget is a private limited company registered in Singapore. ECF No. 8, ¶ 8. Its SHEIN trademarks are used to sell a wide variety of products worldwide. *Id.* SHEIN was an early adopter of social media marketing, becoming the most downloaded application in Apple's App

Store in 2021. ECF No. 8, ¶ 10. Roadget has invested significant resources to build goodwill and brand recognition for SHEIN, and to further that mission, it has registered numerous copyrights to protect its original designs. *Id.* ¶¶ 11, 12. This lawsuit seeks to enforce several copyrighted photographs ("Roadget Copyrights"). *Id.* at ¶¶ 12, 13. Roadget is the owner of all of the rights in the Roadget Copyrights. *Id.* The Roadget Copyrights that the Defaulting Defendants have infringed are included in the table below:

| Registration No. | Title of Work |
|---|---|
| VA 2-376-329 | sw2108209775360113 Photographs |
| VA 2-376-322 | sw2210256360613979 Photographs |
| VA 2-376-320 | sw2211268310381827 Photographs |

Defaulting Defendants are foreign online sellers on e-commerce websites, operating behind aliases, who have infringed Roadget's registered copyright. *See id.* ¶ 14. They have copied the Roadget Copyrights and used them to sell clothing to United States consumers. *See id.* ¶ 14–15. Roadget discovered Defaulting Defendants' infringement, initiated this Action, and moved for a Temporary Restraining Order. This Court granted the TRO which enjoined Defaulting Defendants' infringement, authorized service of process by email, and froze Defaulting Defendants' assets. ECF No. 34. The Court then entered a Preliminary Injunction against the Defaulting Defendants. ECF No. 73. Now, Defaulting Defendants have been served and failed to answer or otherwise plead, and Roadget asks the Court to enter Default and a Default Judgment.

**II.     Jurisdiction and Venue are Proper in this Court.**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States. Specifically, Roadget has

brought claims against Defaulting Defendants under 17 U.S.C. §§ 106 and 501. ECF No. 8, ¶ 16-26.

This Court has personal jurisdiction over Defaulting Defendants because, on information and belief, Defaulting Defendants target business activities toward consumers in the United States, including Illinois. Defaulting Defendants sell to Illinois residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defaulting Defendants offer shipping to the United States, including Illinois, and accept payments in U.S. dollars from U.S. bank accounts. Declaration of Taylor J. Wilson ("Wilson Decl.") ¶ 5. On information and belief, Defaulting Defendants have sold and continue to sell apparel using unauthorized copies of the Roadget Copyrights to residents of Illinois. Defaulting Defendants have wrongfully injured Roadget in the state of Illinois. *Id.* at 6. Roadget has attached to this memorandum evidence that each Defaulting Defendant offered infringing products for sale to residents of the state of Illinois. Wilson Decl. Ex. 2.

Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defaulting Defendants reside or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defaulting Defendants are not residents of the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

### III. Roadget Has Met the Requirements for Entry of Default.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On January 1,

2024, Roadget filed its Complaint alleging copyright infringement pursuant to 17 U.S.C. §§ 106 and 501 (Count 1). ECF No. 8. On March 5, 2024, this Court entered a TRO, which required third parties to provide Roadget with contact information for Defaulting Defendants and provided that Roadget could serve Defaulting Defendants through email delivery. ECF No. 35. Defaulting Defendants were properly served with the summons, Complaint, and TRO on March 12, 2024, ECF No. 37. It has now been more than 21 days since Defaulting Defendants were served. Despite having been served with process, no Defaulting Defendant has appeared, filed an answer or other pleading, or otherwise defended this action. Wilson Decl. at ¶ 3. On information and belief, Defaulting Defendants are neither minors nor incompetent persons, nor members of the U.S. armed forces. *Id.* at ¶ 4. Accordingly, Roadget asks for entry of Default against Defaulting Defendants.

**IV.     Roadget Has Met the Requirements for Entry of Default Judgment.**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

Over twenty-one days have passed since Defaulting Defendants were served, and no answer or other responsive pleading has been filed by any Defaulting Defendants identified in the Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and consistent with previous similar cases in this district. *See, e.g.,* Default Judgment Order, *Kate*

4

*Louise Powell v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* No. 1:23-cv-00567 (N.D. Ill. Mar. 20, 2023), ECF No. 39. Roadget requests an award of actual damages and profits, in the amount of the Defaulting Defendants' revenue attributable to infringement as authorized by 17 U.S.C. 504(b) for copyright infringement. Roadget also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling infringing products, and an order that all assets in Defaulting Defendants' financial accounts operated by any third party be transferred to Roadget in partial payment for the awarded damages.

      A.      **The Court Should Enter a Judgment that Defaulting Defendants are Liable for Willful Copyright Infringement.**

To establish a claim for copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the works that are original. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). When a defendant has failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in plaintiff's complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008).

Here, Roadget owns the Roadget Copyrights. ECF No. 8, ¶¶ 11, 12; Wilson Decl. Ex. 1; *HyperQuest Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 381–83 (7th Cir. 2011) (explaining that the owner of a registered copyright may bring an action for copyright infringement).

Further, Defaulting Defendants have used exact copies of the Roadget Copyrights to sell products that it offered for sale to citizens of Illinois, infringing Roadget's rights. ECF No. 8, ¶ 14, 15; Wilson Decl. Ex. 2. Below are the original Roadget Copyrights next to the Defaulting Defendants' infringing photographs:

| Original Photograph | Infringing Photograph |
|---|---|
|  | Defendant No. 1 (Trendy Global Store) |
|  | Defendant No. 3 (Bag's Generation Store) |



7

| Original Photograph | Infringing Photograph |
|---|---|
|  | Defendant No. 11 (KELE FASHION) |

Taking Roadget's allegations as true, Defaulting Defendants are liable for willful copyright infringement. Accordingly, Roadget requests entry of judgment with respect to Count I for willful copyright infringement against Defaulting Defendants.

### B. An Award of the Defaulting Defendants' Revenues Attributable to Infringement is Appropriate.

Pursuant to the damages provision of the Copyright Act, 17 U.S.C. § 504(b), a copyright owner is entitled to recover the actual damages suffered as a result of the infringement and any profits of the infringer attributable to the infringement. *See Bell v. Taylor*, 827 F.3d 699, 709 (7th Cir. 2016). Roadget respectfully requests that the Court award Roadget the full amount of revenue attributable to infringement by each Defaulting Defendant.[1]

Actual damages can be calculated using the "value of the use of the copyrighted work to the infringer." *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003).

---

[1] Defendants Nos. 1 and 13 have no revenue attributable to infringement. Accordingly, Roadget requests that the Court enter a judgment against them finding them liable for copyright infringement, but does not request a monetary damages award as to Defendants Nos. 1 and 13.

The plaintiff is then further entitled to any profits attributable to infringement that are not accounted for in the award of actual damages, if the amount of profits is not based on undue speculation. *Bell*, 827 F.3d at 709. The plaintiff bears the burden of proving the defendants' revenue from infringing sales, but the defendants bear the burden of proving deductible expenses. 17 U.S.C. § 504(b); *see Bergt v. McDougal Littell,* 661 F.Supp.2d 916, 927 (N.D. Ill. 2009).

The e-commerce platforms, AliExpress and Temu, which host the Defaulting Defendants' stores and maintain data about their sales, provided revenue data for the Defaulting Defendants infringing goods, attached hereto as Exhibit 3 of the Wilson Declaration. That data shows that the Defaulting Defendants have obtained revenue from sales of the infringing products in the following amounts:

| **Defendant** | **Revenue** |
|---|---|
| Defendant No. 1 (Trendy Global Store) | |
| Defendant No. 3 (Bag's Generation Store) | |
| Defendant No. 8 (Elegant and Stylish Skirts Store) | |
| Defendant No. 11 (KELE FASHION) | |
| Defendant No. 13 (Luxury Boutique Store) | |

Roadget, as the owner of the Roadget Copyrights, is entitled to its actual damages *and* any of the Defaulting Defendants' profits attributable to infringement. The data provided by AliExpress and Temu constitutes non-speculative evidence of the Defaulting Defendants'

9

revenues from infringement. In the absence of evidence from the Defaulting Defendants proving their deductible expenses, the Court should consider these revenue amounts to be the amount of profits attributable to infringement. *See* 17 U.S.C. § 504(b). Because Roadget is entitled to all of the profits attributable to infringement, it is appropriate and reasonable for the Court to award Roadget actual damages and disgorgement of profits in the amounts listed in the table above.

### C. Roadget is Entitled to Permanent Injunctive Relief.

In addition to the foregoing relief, Roadget respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating the Roadget Copyrights, including at least all injunctive relief previously awarded by this Court to Roadget in the TRO. Roadget is also entitled to injunctive relief so it can take action against any new websites and online marketplace accounts that are identified, and found to be linked to Defaulting Defendants, and selling products infringing the Roadget Copyrights. *See, e.g.*, *Yun Kyung Lee v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* No. 1:23-cv-01540 (N.D. Ill. May 4, 2023), ECF No. 41; *Rafael Marcio Melillo Bastos v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 1:23-cv-04594 (N.D. Ill. Aug. 29, 2023), ECF No. 44.

### CONCLUSION

Roadget respectfully requests that the Court enter Default and Default Judgment against each Defaulting Defendant, award of actual damages and profits in the amount of each Defaulting Defendants' revenue attributable to infringement pursuant to 17 U.S.C. 504(b) and enter a permanent injunction order prohibiting Defaulting Defendants from infringing the Roadget Copyrights and transferring all assets in Defaulting Defendants' financial accounts operated by AliExpress or Temu to Roadget, up to the amount of the requested damages.

July 12, 2024                                      Respectfully submitted,

                                                         By: */s/ Steven J. Horowitz*
                                                           Steven J. Horowitz
                                                           Matthew D. Binder
                                                           Deepa A. Chari
                                                           Taylor J. Wilson
                                                           Michael C. Springer-Ingram
                                                       **SIDLEY AUSTIN LLP**
                                                       One South Dearborn Street
                                                       Chicago, IL 60603
                                                       (312) 853-7000
                                                       shorowitz@sidley.com
                                                       mbinder@sidley.com
                                                       dchari@sidley.com
                                                       taylor.wilson@sidley.com
                                                       mspringeringram@sidley.com

                                                       *Counsel for Plaintiff*
                                                       *Roadget Business Pte. Ltd.*