# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Roadget Business Pte. Ltd.

                                              Plaintiff,

v.                                                        Case No.: 1:24−cv−00607

                                                                 Honorable Lindsay C. Jenkins

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto

                                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, September 10, 2024:

       MINUTE entry before the Honorable Lindsay C. Jenkins: In its prior order, the Court tentatively concluded that severance was appropriate but explained it would not order severance until it gave Roadget an opportunity to file an amended complaint to allege Defendants coordinate their infringement, an argument Roadget developed in its briefing but had not alleged in its original complaint. (See Dkt. [131] at 20 ("The Court agrees that if these facts were alleged, they would satisfy Rule 20(a)(2)(A).") Roadget has now filed an amended complaint that, among other things, adds allegations of coordinating exercised by Temu. [Dkt. [139] at paras. 17−19.] At the dismissal stage, the Court must take factual allegations as true and draw reasonable inferences in favor of the plaintiff. Choice v. Kohn L. Firm, S.C., 77 F.4th 636, 638 (7th Cir. 2023). The added allegations of coordination exercised by Temu, including retention of the same counsel in multiple cases, supports an inference of coordination sufficient to satisfy Rule 20(a)(2)(A)'s requirement that the claims against Defendants form a single series of transactions or occurrences. If, as Roadget alleges, Temu coordinates or directs Defendants' sales of the allegedly infringing products, then there is a logical relationship between the claims against Defendants, which stem from that central coordination. See In re EMC, 677 F.3d 1351, 1358 (Fed. Cir. 2012) Therefore, the renewed motion to sever [162] is denied. By September 24, 2024 the parties are to file a proposed fact discovery schedule so that fact discovery can promptly get underway. Mailed notice. (jlj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.